VERVERIS v HARTFIELD LANES (ON REMAND)

Docket No. 251868. Submitted January 25, 2006, at Lansing. Decided May 2, 2006, at 9:15 a.m. Leave to appeal denied, 477 Mich ___.

Peter Ververis and others brought a negligence action in the Oakland Circuit Court against Hartfield Lanes, seeking damages related to Peter Ververis's fall on the defendant's snow-covered parking lot. After the jury returned a verdict in favor of the plaintiffs, the court, John J. McDonald, J., granted the defendant's motion for a directed verdict, concluding that an open and obvious danger existed. The plaintiffs appealed, and the defendant cross-appealed. The Court of Appeals, GRIFFIN, P.J., and BANDSTRA and HOEKSTRA, JJ., in an unpublished opinion per curiam, issued May 19, 2005 (Docket No. 251868), reversed and remanded the case to the trial court for entry of a judgment consistent with the jury's verdict. The Court of Appeals, citing *Kenny v Kaatz Funeral Home, Inc*, 264 Mich App 99 (2002) (*Kenny I*), concluded that the snow-covered ice on the parking lot did not present an open and obvious danger. The Supreme Court subsequently reversed *Kenny I* summarily for the reasons cited in the Court of Appeals dissent in that case, 472 Mich 929 (2005) (*Kenny II*). In lieu of granting leave to appeal in this case, the Supreme Court vacated the judgment of the Court of Appeals and remanded the case to the Court of Appeals for reconsideration, citing *Kenny II*.

On remand, the Court of Appeals *held*:

By its very nature, a snow-covered surface presents an open and obvious danger because of the high probability that it may be slippery, even in the absence of any other factor suggesting, or alerting the plaintiff, that the surface is, in fact, slippery. The defendant was entitled to summary relief, in this case a directed verdict.

Affirmed.

NEGLIGENCE — PREMISES LIABILITY — OPEN AND OBVIOUS DANGER DOCTRINE — SNOW-COVERED SURFACES.

A snow-covered surface is, as a matter of law, an open and obvious danger because of the high probability that it may be slippery, even

in the absence of any other factor suggesting, or alerting the injured plaintiff, that the surface is, in fact, slippery.

*Mark Granzotto, P.C.* (by *Mark Granzotto*), and *Law Offices of Gregory M. Bereznoff* (by *Gregory M. Bereznoff*) for the plaintiffs.

*Kallas & Henk PC* (by *Kenneth S. Dombrowski*) for the defendant.

ON REMAND

Before: BANDSTRA, P.J., WHITBECK, C.J., and HOEKSTRA, J.

PER CURIAM. In an unpublished opinion per curiam issued May 19, 2005, this Court reversed the trial court's order granting defendant's motion for a directed verdict in this slip and fall action, and remanded this case for entry of a judgment consistent with the jury verdict. We concluded, on the basis of *Kenny v Kaatz Funeral Home, Inc,* 264 Mich App 99; 689 NW2d 737 (2004) (*Kenny I*), that the snow-covered ice on the parking lot where Peter Ververis fell did not present an open and obvious danger.[1] In a December 15, 2005, order, our Supreme Court vacated this Court's judgment and remanded the matter to this Court for reconsideration, citing a summary disposition order issued after our prior opinion here, *Kenny v Kaatz Funeral Home, Inc,* 472 Mich 929 (2005) (*Kenny II*). 474 Mich 954 (2005). *Kenny II* reversed *Kenny I* "for the reasons stated" in Judge GRIFFIN's dissent in *Kenny I. Kenny II,*

---

[1] This is the only issue presented regarding the open and obvious danger doctrine; plaintiffs do not argue that, even assuming the parking lot presented an open and obvious danger, there was some "special aspect" of the danger that imposed a duty on defendant to take reasonable precautions. See *Lugo v Ameritech Corp, Inc,* 464 Mich 512, 517-519; 629 NW2d 384 (2001).

*supra* at 929. Upon consideration of *Kenny II*, as it has been cited here and in similar Supreme Court orders, we conclude that the potential slipperiness of a snow-covered surface is an open and obvious danger even in the absence of any separate factor suggesting that, in fact, the surface is slippery.

The facts underlying this case, the standard of review, and the applicable law were succinctly stated in our prior opinion:

> This premises liability claim is based on injuries sustained by Peter Ververis when he slipped and fell on defendant's property as he attempted to enter defendant bowling alley from the parking lot. The jury returned a verdict in plaintiffs' favor, awarding $148,155.50 in damages. Plaintiffs appeal as of right the trial court order granting defendant's motion for directed verdict of no cause of action. Defendant cross-appeals as of right, challenging the trial court order denying its motion for summary disposition, the jury's allocation of zero percent fault to Peter Ververis, and the jury's award of economic damages. . . .
>
> At the close of plaintiffs' proofs, defendant moved for directed verdict based on the open and obvious doctrine and lack of notice of the allegedly dangerous condition. The trial court took the motion under advisement, and the trial continued. After the jury returned a verdict in favor of plaintiffs, the trial court granted defendant's motion. Plaintiffs now argue that the trial court erred in granting defendant's motion because reasonable jurors could differ as to whether the condition that Peter Ververis encountered was open and obvious. . . .
>
> We review de novo a trial court's decision on a motion for directed verdict. *Sniecinski v Blue Cross & Blue Shield of Michigan*, 469 Mich 124, 131; 666 NW2d 186 (2003). In reviewing the trial court's ruling, we view the evidence presented up to the time of the motion in the light most favorable to the nonmoving party, grant every reasonable inference to the nonmoving party, and resolve any conflict

in the evidence in favor of the nonmoving party to decide whether a question of fact existed. *Thomas v McGinnis*, 239 Mich App 636, 643-644; 609 NW2d 222 (2000). . . .

. . . Peter Ververis was an invitee on defendant's property at the time he fell and fractured his ankle. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596-597; 614 NW2d 88 (2000). As a general rule, a premises owner owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land. *Kenny v Kaatz Funeral Home, Inc*, 264 Mich App 99, 105; 689 NW2d 737 (2004). However, this duty does not generally extend to open and obvious dangers. *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). " '[W]here the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee unless he should anticipate harm despite knowledge of it on behalf of the invitee.' " *Id.*, quoting *Riddle v McLouth Steel Products Corp*, 440 Mich 85, 96; 485 NW2d 676 (1992). When determining if a condition is open and obvious, we consider whether "an average user with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection." *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 475; 499 NW2d 379 (1993). [*Ververis v Hartfield Lanes*, unpublished opinion per curiam of the Court of Appeals, issued May 19, 2005 (Docket No. 251868), slip op at 1-2.]

In *Kenny I*, this Court reversed a trial court order granting the defendant's motion for summary disposition based on the open and obvious danger doctrine in a case involving a slip and fall on snow-covered ice in a parking lot. This Court found that, viewing the evidence in a light most favorable to the plaintiff, the black ice on which she slipped was hidden and not observable. *Kenny I, supra* at 111.

Because, as noted earlier, the Supreme Court adopted Judge GRIFFIN's dissent when it reversed that decision,

we closely consider that dissent. Judge GRIFFIN noted that decisions of this Court and our Supreme Court have applied the open and obvious danger doctrine to snow and ice cases. *Id.* at 117 (GRIFFIN, J., dissenting). Development of the open and obvious danger doctrine since *Quinlivan v Great Atlantic & Pacific Tea Co, Inc*, 395 Mich 244; 235 NW2d 732 (1975), means that the snow and ice analysis in *Quinlivan* is subsumed in the newly articulated rule set forth in *Lugo v Ameritech Corp, Inc*, 464 Mich 512; 629 NW2d 384 (2001). *Kenny I, supra* at 117-118.

With respect to the question whether the snow-covered ice was an open and obvious danger, Judge GRIFFIN adopted "the reasons articulated by the trial court in its well-written opinion," which he then quoted at length. *Id.* at 118-119. The trial court had noted that the 79-year-old plaintiff " 'had lived in Michigan all of her life and had witnessed many snowfalls' " and reasoned that "[a]s a lifelong resident of Michigan, she should have been aware that ice frequently forms beneath snow during snowy December nights." *Id.* at 119. At the same time, however, the trial court had noted that the plaintiff "acknowledged that, before she exited the vehicle, she had observed . . . others hang onto [the vehicle] for support" and reasoned that "[t]hat alone should have clued her into the possible danger that awaited her outside the vehicle." *Id.* Thus, the trial court's reasoning suggested two possible rules. First, a snow-covered surface might always, by its very nature, present an open and obvious danger because it is likely to be slippery as a result of underlying ice or for some other reason. Alternatively, a snow-covered surface would not present an open and obvious danger unless there is some other reason, in the facts of a particular case, that would lead a plaintiff to reasonably conclude that it is slippery. Judge GRIFFIN's summary

statement on the matter does nothing to illuminate which approach he was adopting:

> In my view, after witnessing three companions exit a vehicle into the snow-covered parking lot on December 27 and seeing them holding on to the hood of the car to keep their balance, all reasonable Michigan winter residents would conclude that the snow-covered parking lot was slippery. [*Id.* at 120.]

In the case before us, there was no independent factor, beyond the snowy surface itself, that would reasonably have alerted Peter Ververis to the fact that it was slippery. In the absence of such a factor, we must determine which of the two rules suggested in Judge GRIFFIN's dissent is applicable and decide this case accordingly.

We do so considering three recent orders of the Supreme Court that, like the order here, were based on *Kenny II. Schultz v Henry Ford Health Sys*, 474 Mich 948 (2005), *Morgan v Laroy*, 474 Mich 917 (2005) (*Morgan II*), and *D'Agostini v Clinton Grove Condo Ass'n*, 474 Mich 876 (2005). In each case, the Supreme Court reversed a decision of our Court that had relied on *Kenny I* and determined that snow-covered ice did not constitute an open and obvious danger. *Schultz v Henry Ford Health Sys*, unpublished opinion per curiam of the Court of Appeals, issued May 19, 2005 (Docket No. 252643), *Morgan v Laroy*, unpublished opinion per curiam of the Court of Appeals, issued April 14, 2005 (Docket No. 253789) (*Morgan I*), and *D'Agostini v Clinton Grove Condo Ass'n*, unpublished opinion per curiam of the Court of Appeals, issued March 1, 2005 (Docket No. 250896). The Supreme Court reinstated the trial court decisions that the defendants were entitled to summary disposition on the open and obvious danger question even though there

were no factors in those cases, other than the snow-covered surfaces themselves, that would have fore-warned the plaintiffs regarding their slipperiness. See, e.g., *Morgan I*, slip op at p 3 ("All plaintiff saw was snow. He did not see ice and had no reason to believe that slippery ice was underneath the snow.").

On the basis of these precedents, we hold as a matter of law that, by its very nature, a snow-covered surface presents an open and obvious danger because of the high probability that it may be slippery.[2] As in the *Schultz*, *Morgan*, and *D'Agostini* cases, defendant here was entitled to summary relief (a directed verdict) even though, in contrast to *Kenny I*, there was no other factor that would have alerted Peter Ververis to that danger.

We affirm.

---

[2] This holding regarding a snow-covered surface is an extension of precedents already recognizing that an icy surface presents an open and obvious danger. See, e.g., *Perkoviq v Delcor Homes—Lake Shore Pointe, Ltd*, 466 Mich 11, 16; 643 NW2d 212 (2002) ("There was nothing hidden about the frost or ice . . . , and anyone considering it would become aware of the slippery conditions.").