# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 28, 2011

143320

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

MILAGROS DASCOLA and JAMES DASCOLA,

       Plaintiffs-Appellants,

v

YMCA OF LANSING,

       Defendant-Appellee.

SC: 143320
COA: 293475
Ingham CC: 06-000706-NO

_____/

On order of the Court, the application for leave to appeal the May 19, 2011 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

YOUNG, C.J. (*concurring*).

There is no question that, under Michigan's well-established premises liability law, the presence of water and soap residue in a public shower constitutes open and obvious dangers. As such, these conditions do not give rise to liability for a premises owner, and I believe that the lower courts clearly erred in not reaching this conclusion as a matter of law. However, because defendant has not filed a cross-appeal in this Court challenging the lower court's determination that defendant is not entitled to summary disposition, I concur in the Court's order denying leave to appeal.

Plaintiff fell while showering in a YMCA shower. She sued, alleging a premises liability theory of negligence—namely, that defendant allowed a hazardous condition (soap scum) to exist in the shower, notwithstanding defendant's claims that its employees checked the shower every 15 to 20 minutes, cleaned it every one to two hours, and deep cleaned and sterilized it every night. Defendant argued that the allegedly hazardous condition was open and obvious, but remarkably, the trial court denied defendant's motion for a directed verdict and held, as a matter of law, that the condition was *not* open and obvious, instructing the jury to this effect. On appeal, the Court of Appeals also rejected defendant's claim that the condition was open and obvious as a matter of law,

but remanded for a new trial, holding that there was a question of fact whether the condition here was in fact open and obvious.[1] Plaintiff has appealed this latter holding.

It is axiomatic in Michigan law that a premises owner is not an absolute insurer against every conceivable harm that may occur on his premises.[2] While a premises owner owes a duty to exercise reasonable care to protect an invitee from unreasonable risks of harm caused by dangerous conditions on his land, the "open and obvious" doctrine is an integral part of the definition of this duty, providing that there is *no duty* to warn or protect an invitee from dangers that are so obvious that an invitee should reasonably be expected to anticipate them.[3] A particular danger is open and obvious if an average person of ordinary intelligence would discover the danger upon casual inspection.[4] A common or expected condition is not uniquely dangerous.[5] Thus, whether a condition is open and obvious depends on whether a reasonably prudent person would foresee the danger, given the surrounding circumstances.[6]

With this understanding of Michigan law, the conclusion by the majority of the Court of Appeals that a question of fact exists regarding whether soap residue in a shower presents an open and obvious danger is, quite frankly, flabbergasting. Even a casual review of this state's premises liability and "open and obvious" caselaw compels the conclusion that any danger created by soap residue in a public shower presents an open and obvious condition. Although the proposition is so self-evident that it hardly merits stating, it is within common understanding that the flat tiled surfaces that comprise a shower will by their nature become wet and can therefore become slippery,

---

[1] *Dascola v YMCA of Lansing*, unpublished opinion per curiam of the Court of Appeals, issued May 19, 2011 (Docket No. 293475). Judge SERVITTO dissented, and would have held that defendant deserved judgment as a matter of law because the alleged hazard was open and obvious.

[2] *Williams v Cunningham Drug Stores, Inc*, 429 Mich 495, 500 (1988).

[3] *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516 (2001).

[4] See, e.g., *Joyce v Rubin,* 249 Mich App 231, 238 (2002); *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 475 (1993).

[5] See *Bertrand v Alan Ford, Inc*, 449 Mich 606, 614 (1995); *Corey v Davenport College of Business (On Remand),* 251 Mich App 1, 8-9 (2002).

[6] See, e.g., *Janson v Sajewski Funeral Home*, 486 Mich 934 (2010); *Kenny v Kaatz Funeral Home*, 472 Mich 929 (2005), reversing *Kenny v Kaatz Funeral Home*, 264 Mich App 99 (2004), for the reasons stated in Judge GRIFFIN's dissenting opinion, 264 Mich App at 115; *Ververis v Hartfield Lanes (On Remand)*, 271 Mich App 61 (2006).

particularly when soap or similar products are used. It is hardly surprising that soaps, shampoos, or other bathing substances will be used in a shower and may leave residue or "soap scum" on the shower's surface. That such surfaces may become slippery represents a quintessential "open and obvious" hazard. Moreover, there were no special attributes to this shower that rendered it uniquely or unreasonably dangerous. A reasonably prudent person of ordinary intelligence understands that a wet public shower poses a slip-and-fall hazard, particularly where soap or other residue may be present on the shower's surface.[7] The conclusion of the Court of Appeals majority holding that there is a question of fact in this regard defies common sense.

The open and obvious doctrine was developed to prevent lawsuits precisely like the present one. Because the law as applied on these facts clearly compels summary disposition in favor of defendant, had defendant filed a cross-appeal in this Court requesting such relief, I would have voted to grant it.[8] Nevertheless, absent this request I concur in the decision to deny leave to appeal.

MARKMAN, J., joins the statement of YOUNG, C.J.

---

[7] Whether plaintiff saw the soap residue on the floor before or after her fall is irrelevant because the determination whether a reasonably prudent person would discover or anticipate this danger is an *objective* question.

[8] Although defendant responded to plaintiff's application for leave to appeal here, defendant did not appeal the lower court's holding affirming the trial court's denial of defendant's motion for summary disposition. Accordingly, plaintiff's appeal arising out of its separate motion for summary disposition is the only controversy properly before this Court.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 28, 2011

_Corbin R. Davis_
Clerk

t1025