# STATE OF MICHIGAN

# COURT OF APPEALS

JACK WRIGHT and CINDY WRIGHT,

      Plaintiffs-Appellants/Cross-
      Appellees,

v

PNC FINANCIAL SERVICES GROUP, INC.,
f/k/a PNC FINANCIAL CORPORATION, f/k/a
NATIONAL CITY BANK NORTHWEST,

      Defendant-Appellee/Cross-
      Appellant.

UNPUBLISHED
December 11, 2014

No. 317297
Kalamazoo Circuit Court
LC No. 2012-000313-NO

Before: MARKEY, P.J., and SAWYER and OWENS, JJ.

PER CURIAM.

Plaintiffs appeal pursuant to the grant of an application to take a delayed appeal from the trial court's June 26, 2013 order, granting defendant PNC Financial Services Group, Inc.'s motion for summary disposition and dismissing plaintiffs' action with prejudice. *Jack Wright v PNC Fin Servs Group, Inc*, unpublished order of the Court of Appeals, entered February 24, 2014 (Docket No. 317297).[1] PNC cross-appeals by right the same order, in which the trial court rejected its claim that summary disposition was appropriate because the icy condition on which Jack slipped and fell was open and obvious with no special aspects. We affirm.

At the time of his accident, Jack was employed by Brinks Security as an armored truck driver, messenger, and guard. Jack was injured on December 14, 2010, when he slipped and fell on a patch of ice as he was walking from PNC's drive-through ATM machines, from which he

---

[1] Our order granting leave limited plaintiffs' appeal to "the issue whether the trial court prematurely granted summary disposition where the trial judge failed to consider whether the documentary evidence established either that PNC breached its duty of reasonable inspection or that a genuine issue of material fact exists with regard to whether PNC breached its duty of reasonable inspection and, hence, whether knowledge of a dangerous condition on the premises should be imputed to PNC."

-1-

had collected the deposit transactions, to the back door of PNC's adjacent remote drive-through building.

"[We] review[] de novo a trial court's decision on a motion for summary disposition." *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). When deciding a motion brought under MCR 2.116(C)(10), this Court reviews the evidence in a light most favorable to the party opposing the motion, and reviews the entire record, including affidavits, depositions, admissions, or other documentary evidence, to test the factual adequacy of a complaint. *Id*. "Summary disposition is appropriate . . . if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

Because we conclude the issue raised in defendant's cross-appeal is dispositive, we need not address the issue upon which we granted leave and will only address the issue raised on cross-appeal. Specifically, we conclude that the trial court should have granted summary disposition in favor of PNC on plaintiffs' premises liability claim because the icy condition that caused Jack to slip and fall was open and obvious with no special aspects. This Court recently discussed the open and obvious danger doctrine in *Grandberry-Lovette v Garascia*, 303 Mich App 566; 844 NW2d 178 (2014):

> A premises possessor has no duty to rectify dangerous conditions that are so obvious that the invitee might reasonably be expected to discover them . . .. Accordingly, the open and obvious danger doctrine will cut off liability if the invitee should have discovered the condition and realized its danger. A dangerous condition is open and obvious if an average user with ordinary intelligence acting under the same conditions would have been able to discover the danger and the risk presented" by the condition "upon casual inspection. The duty imposed on invitees to protect themselves while visiting another's property is quite limited: the invitee need only keep a casual lookout for dangers that are obvious. Even in ordinary speech, the term "casual"—as applied to an invitee's duty to be aware of his or her surroundings—plainly refers to an informal or haphazard observation or inspection; an invitee does not have a duty to be constantly and vigilantly scanning the premises possessor's land for latent dangers. [*Grandberry-Lovette*, 303 Mich App at 576-577 (quotation marks and citations omitted).]

However, although "the general rule is that a premises possessor is not required to protect an invitee from open and obvious dangers, . . . if special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 517; 629 NW2d 384 (2001). In other words, the issue is "whether the 'special aspect' of the condition should prevail in imposing liability upon the defendant or the openness and obviousness of the condition should prevail in barring liability." *Id*. at 517-518.

With respect to falls that occur on snow and ice, people who reside in Michigan are assumed to know the dangers associated with Michigan winters. See *Janson v Sajewski Funeral*

*Home, Inc*, 486 Mich 934; 782 NW2d 201 (2010) (noting that "wintry conditions by their nature would have alerted an average user of ordinary intelligence to discover the danger [of the ice and snow on which the plaintiff fell] upon casual inspection"). "[T]he circumstances and specific weather conditions present at the time of [the] plaintiff's fall are relevant." *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 483; 760 NW2d 287 (2008). In addition, "as a matter of law, . . . by its very nature, a snow-covered surface presents an open and obvious danger because of the high probability that it may be slippery." *Ververis v Hartfield Lanes (On Remand)*, 271 Mich App 61, 67; 718 NW2d 382 (2006). Similarly, the danger associated with visible frost and ice is open and obvious. *Perkoviq v Delcor Homes—Lake Shore Pointe, Ltd*, 466 Mich 11, 14; 643 NW2d 212 (2002). Black ice conditions are open and obvious when there are signs of a potentially hazardous condition, including the "specific weather conditions present at the time of the plaintiff's fall." *Janson*, 486 Mich at 935, quoting *Slaughter*, 281 Mich App at 483.

The trial court erred by concluding that there was a question of fact whether the ice on which Jack slipped was open and obvious. Contrary to plaintiffs' argument, there is no evidence to reasonably support a finding that the alleged icy condition of the parking lot at the time of the incident was not open and obvious. Jack, who lived in Michigan for many years and was aware of the dangers Michigan winters present, testified that on the day he fell, there was snow in the grassy areas of the premises but not in the parking lot or the drive-through area. Although Jack testified that he did not see the ice patch before he fell, the assistant branch manager testified that the 2 to 3 feet wide by 3 to 4 feet in length ice slab was not "black ice" but rather "a kind of a puddle of ice that formed a very – kind of a dark gray dingy color" and that it was visible from 20 to 30 feet away. Even though the assistant branch manager stated that he would have probably walked by the ice patch had he not been looking for it and it could easily be missed, he later testified that he would have eventually seen it had he been watching where he was walking and that he would have been able to see it before he stepped on it. While the day Jack fell was sunny and the conditions were not "wintry" like those present in *Janson*, 486 Mich at 935, the conditions were below freezing and, most importantly, there was nothing covering the ice and it could be seen 20 to 30 feet away. Thus, there is no reasonable support in the record for a claim that the ice was not open and obvious; i.e., that an average user of ordinary intelligence would have been unable to discover it on casual inspection. *Id*.

Plaintiffs erroneously argue that even if the icy condition were open and obvious, PNC is still liable under a theory of premises liability because special aspects exist. "The 'special aspects' exception to the open and obvious doctrine for hazards that are effectively unavoidable is a limited exception designed to avoid application of the open and obvious doctrine only when a person is subjected to an unreasonable risk of harm." *Hoffner v Lanctoe*, 492 Mich 450, 468; 821 NW2d 88 (2012). For a hazard to be effectively unavoidable, the person "must be *required* or *compelled* to confront a dangerous hazard. *Id*. In addition, special aspects also exist when the open and obvious condition imposes an unreasonably high likelihood of severe harm if the risk is not avoided to remove that condition. *Lugo*, 464 Mich at 519-520.

Neither special aspect is present in this case. First, the icy condition was avoidable. Jack could have taken an alternate route to the remote drive-through building that would have avoided the ice. Nothing required or compelled Jack to walk from the third ATM machine to the remote drive-through building using the path he took. See *Hoffner*, 492 Mich at 468 (holding that there was no effectively unavoidable special aspect where the plaintiff, who was injured when she fell

-3-

on open and obvious ice on the sidewalk outside the only entrance to her fitness center, was not forced to confront the risk or compelled by extenuating circumstances to confront the risk). Second, the ice patch did not present an unreasonably high likelihood of severe harm. A fall on ice in a parking lot during a Michigan winter in and of itself does not create a substantial risk of death or a severe injury such that it would be unreasonably dangerous to maintain the condition. Cf. *Lugo*, 464 Mich at 518-520.

Affirmed. Defendant may tax costs.

/s/ Jane E. Markey
/s/ David H. Sawyer
/s/ Donald S. Owens