# STATE OF MICHIGAN

# COURT OF APPEALS

JIM MCAULLIFE,

        Plaintiff-Appellee,

v

LAVILLA RESTAURANT, INC., doing business as LA VILLA RESTAURANT & PIZZERIA,

        Defendant-Appellant.

UNPUBLISHED
August 11, 2016

No. 323407
Genesee Circuit Court
LC No. 13-099725-NO

Before: RONAYNE KRAUSE, P.J., and SAWYER and STEPHENS, JJ.

RONAYNE KRAUSE, P.J. *(dissenting)*

I respectfully dissent because I believe the majority's analysis does not account for the realities of the way in which people interact. Furthermore, I am at a loss to explain the majority's implication that I have invented facts. However, I agree with the majority's analysis regarding plaintiff's nuisance claims.

As an initial matter, openness and obviousness applies solely to premises liability claims; whether or not the physical conditions of the driveway were open and obvious is irrelevant to plaintiff's negligence claim. See *Wheeler v Central Michigan Inns, Inc*, 292 Mich App 300, 304; 807 NW2d 909 (2011). As the majority states, a negligence claim is founded on "the overt acts of a premises owner on his or her premises" rather than an "injury by a condition of the land." *Kachudas v Invaders Self Auto Wash Inc*, 486 Mich 913, 914; 781 NW2d 806 (2010). The majority concludes, appropriately, that merely ordering deliveries to be made via a back door is not *by* itself a violation of any particular duty of care. The majority's further conclusion that such an order cannot violate a duty of care when viewed in context because that context involves a condition of the land which I will discuss in this opinion, however, makes no sense to me. Pushing someone over might not necessarily violate any particular duty of care, either, but pushing them into a pit surely would. Ignoring the facts and circumstances of an act amounts to nothing but a pronouncement of a legal rule by judicial fiat, and the condition of the land surrounding an act can readily and radically alter the character of that act.

As no less renowned a jurist than Justice VOELKER warned us that "a rule, when divorced from the facts to which it might properly apply, can be made to fit all occasions." *Steger v Blanchard*, 353 Mich 140, 144; 90 NW2d 891 (1958). Further,

-1-

Rules of law are necessary; properly applied they can succinctly gather in the loose ends of a case and help rationalize the decision. Our courts could scarcely operate without them. But when a rule of law or its application becomes so divorced from the context of reality, from the living human situations to which it is sought to be applied, it becomes meaningless incantation and downright harmful. It isn't always what the rule says that is so bad; it is how it is applied. [*Id.*]

In *Steger*, the legal doctrine under discussion was contributory negligence. However, the principle articulated is simply how the law is supposed to operate in reality.

Directing a delivery person to use a back entrance is, I expect, quite ordinary in reality. However, if that entrance cannot be accessed safely, the character of the direction may be very different, especially because the delivery person might be trespassing to use any other entrance. It is, of course, the very height of ivory-tower disdain for real people in the real world to suggest that someone who depends on working for a living to survive should, in the alternative, simply not do their job. Furthermore, it is at least arguable that if a business directs a delivery person to use a specific entryway, that direction constitutes a strongly implied assurance that doing so will be safe, and I do not believe it is unreasonable to expect the business to be aware of the situation. It has long been the case, as stated by Justice COOLEY, that

Where one assumes to have knowledge upon a subject of which another may well be ignorant, and knowingly makes false statements regarding it upon which the other relies, to his injury, we do not think it lies with him to say that the party who took his word and relied upon it as that of an honest and truthful man, was guilty of negligence in so doing, as to be precluded from recovering compensation for the injury which was inflicted upon him under cover of the falsehood. If a party's own wrongful act has brought another into peril, he is not at liberty to impute the consequences of his acts to a want of vigilance in the injured party, when his own conduct and untruthful assertions have deprived the other of that quality and produced a false sense of security. [*Eaton v Winnie*, 20 Mich 156, 165-166 (1870).]

I therefore disagree with the majority's abrupt dismissal of plaintiff's negligence claims on the basis of a disconnected per-se rule that directing a delivery person to use a back entrance is not negligence, no matter the circumstances.[1]

As the majority states, we nevertheless have in Michigan another such disconnected per-se rule that snow-covered surfaces and the attendant possibility that they may be slippery is an open and obvious hazard. *Ververis v Hartfield Lanes*, 271 Mich App 61, 67; 718 NW2d 382 (2006). Consequently, plaintiff's premises liability action may not be based solely on the

---

[1] The majority distinguishes *Eaton* on its age, which I believe is a novel basis for per se disregarding precedent, and the majority's disinclination to place defendant's directive in any kind of context, a philosophy with which I disagree.

presence of snow and ice on the ground. However, it is not, and, consistent with the above discussion about the importance of context, our Supreme Court has clarified that the hazards of snow and ice are not *necessarily* incompatible with premises liability, depending on the totality of the circumstances present. *Hoffner v Lanctoe*, 492 Mich 450, 463-464; 821 NW2d 88 (2012). Furthermore, openness and obviousness is tested from an objective standpoint, so it is irrelevant what plaintiff in this case actually and personally knew about the property. *Novotney v Burger King Corp*, 198 Mich App 470, 474-475; 499 NW2d 379 (1993).

I would have thought it basic common sense and a matter of common knowledge that a layer of snow could effectively cloak rough terrain, as well as the basic fact that an unpredictable surface is intrinsically more dangerous than a flat one simply due to its unpredictability. The sum can be both greater than and indivisible from the total of its parts; I am therefore not persuaded that the particular hazard here, only part of which was made up of snow and ice, was in fact open and obvious. For reasons already discussed above, I am equally dubious that the hazard was effectively unavoidable.

I would affirm.

/s/ Amy Ronayne Krause