# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT GARSOFF,

       Plaintiff-Appellee,

v

KEYANA DICKERSON and CHARLES
DICKERSON,

       Defendants-Appellants.

UNPUBLISHED
October 24, 2017

No. 333132
Oakland Circuit Court
LC No. 2014-143396-NO

Before: BORRELLO, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

In this premises liability action, defendant appeals by leave granted an April 7, 2016, trial court order denying their motion for summary disposition.[1] For the reasons set forth in this opinion, we reverse and remand for entry of an order awarding summary disposition in favor of defendants.

## I. FACTS

This case arises out of injuries plaintiff sustained when he slipped and fell on ice located on defendants' premises, which occurred on February 28, 2014, at approximately 8:00 p.m. Plaintiff, an employee of Domino's Pizza, was delivering a pizza to defendants' home. Plaintiff delivered pizza to the home on prior occasions as defendants were regular customers. Plaintiff testified that he pulled into defendants' driveway and parked behind three other cars. Plaintiff recalled it being cold that evening, but did not recall seeing snow on the ground. Plaintiff exited his vehicle, walked towards the front of his vehicle, turned right to walk in-between his vehicle and the vehicle parked in front of him, and then turned left to walk up the driveway towards defendants' front door. Plaintiff testified that he could not see anything and all the lights were out. Plaintiff walked about halfway past the vehicle and then slipped and fell on ice. Plaintiff did not see the ice before his fall, but he did see it once he stood back up.

---

[1] *Robert Garsoff v Keyana Dickerson*, unpublished order of the Court of Appeals, entered October 21, 2016 (Docket No. 333132).

When plaintiff arrived to deliver the pizza, Devin Kersey, Keyana's son, was outside the home helping repair a tire on a vehicle in the driveway. Devin testified that it was "freezing" on the day that plaintiff slipped and he recalled seeing approximately one or two inches of snow on the ground that day. After plaintiff fell, Devin went into the house to tell Keyana about the fall. Keyana came outside to see if plaintiff needed help, but plaintiff responded that he wanted to go back to his store. Plaintiff then drove himself back to the Domino's store, told his manager that he was injured, and then drove himself to an urgent care and the Providence Novi emergency room, where he received x-rays. Plaintiff's right ankle was broken in three places, and he had surgery at Royal Oak Beaumont hospital several days later. After the surgery, plaintiff spent four days admitted to the hospital and approximately four more days at the Hartland rehabilitation facility.

On October 8, 2014, plaintiff commenced this premises liability action against defendants, alleging that defendants breached a duty of care to plaintiff as an invitee. Specifically, plaintiff alleged that defendants failed to keep the driveway in a reasonably safe condition, failed to inspect the driveway for icing conditions, failed to assure that the driveway would not be blocked by parked cars, and failed to turn on available outdoor lighting.

Defendants moved for summary disposition pursuant to MCR 2.116(C)(10). Defendants argued that they were entitled to summary disposition because there was no genuine issue of material fact as to whether: (1) the alleged dangerous condition was open and obvious, not effectively unavoidable nor unreasonably dangerous, and that darkness of the driveway is not a special aspect that precludes a condition from being open and obvious, and (2) defendants did not know, nor should have known, of the condition because they cleared the snow and salted the ice on a regular basis.

On June 23, 2015, plaintiff responded, arguing that the open and obvious defense was inapplicable because a question of material fact existed as to whether the ice was visible upon casual inspection because it was a dark night and the lamp-posts were not illuminated. Second, defendants had actual notice of the icy condition, but failed to salt the driveway. Lastly, defendants were negligent by failing to illuminate the lampposts when they knew that plaintiff, as an invitee, would be delivering pizza.

The trial court waived oral arguments and issued an opinion and order on April 7, 2016, denying defendants' motion for summary disposition. With respect to the open and obvious doctrine, the trial court took note that plaintiff "testified he was indeed looking where he was walking and yet did not see the ice," and ruled that, viewing the evidence in a light most favorable to plaintiff, it was possible for a jury to return a verdict in favor of plaintiff. Regarding whether defendants had notice of the hazard, a reasonable juror could conclude defendants had constructive notice of the condition because Keyana knew that she needed to buy more salt, and she knew that she should salt the driveway whenever the temperature dropped. The court denied defendants' motion for reconsideration on May 4, 2016. This appeal ensued.

II. ANALYSIS

Defendants argue that there is no genuine issue of material fact with regard to whether the ice was visible upon casual inspection and whether they did not have notice of the dangerous condition and therefore the trial court erred in denying their motion for summary disposition.[2]

We review de novo a trial court's ruling on a motion for summary disposition. *Johnson v Recca*, 492 Mich 169; 173; 821 NW2d 520 (2012). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties. . . ." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). "Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Id*. A genuine issue of material fact exists when, after viewing the evidence in a light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

Plaintiff alleged that his injury arose from a condition on the land—i.e. an icy driveway; therefore, his claim sounded in premises liability as opposed to ordinary negligence. "The starting point for any discussion of the rules governing premises liability law is establishing what duty a premises possessor owes to those who come onto his land." *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). In this case, it is undisputed that plaintiff was an invitee. "With regard to invitees, a landowner owes a duty to use reasonable care to protect invitees from unreasonable risks of harm posed by dangerous conditions on the owner's land." *Id*. In the context of snow and ice:

> a premises owner has a duty to exercise reasonable care to diminish the hazards of ice and snow accumulation, requiring that reasonable measures be taken within a reasonable time after an accumulation of ice and snow to diminish the hazard of injury to the invitee. [*Id.* at 464 (quotation marks and citation omitted).]

"However, a landowner's duty does not generally encompass defects that are 'open and obvious.'" *Lymon v Freedland*, 314 Mich App 746, 757; 887 NW2d 456 (2016). "The possessor of land owes no duty to protect or warn of dangers that are open and obvious because such dangers, by their nature, apprise an invitee of the potential hazard. . . ." *Hoffner*, 492 Mich at 460-461 (quotation marks and citation omitted). "Whether a danger is open and obvious involves an objective inquiry to determine whether it is reasonable to expect that an average person with ordinary intelligence would have discovered [the danger] upon casual inspection." *Lymon*, 314 Mich App at 757-758 (quotation marks and citations omitted). "The test is objective, and the inquiry is whether a reasonable person in the plaintiff's position would have foreseen the danger, not whether the particular plaintiff knew or should have known that the condition was hazardous." *Slaughter v Blarney Castle Oil Co.*, 281 Mich App 474, 479; 760 NW2d 287 (2008).

---

[2] We reject plaintiff's argument that defendants failed to challenge the court's ruling on the motion for summary disposition on appeal.

In this case, plaintiff slipped on an icy driveway. In Michigan, our Supreme Court has essentially made it the policy of this state to preclude individuals from recovering for injuries caused when they slip and fall on ice and snow in all but the most unique cases that involve "special aspects" irrespective of the severity of the injury, irrespective of whether the landowner knew or should have known of the hazardous condition, and irrespective of whether the landowner could have reasonably eliminated the hazard. See e.g. *Lymon*, 314 Mich App at 758 (noting that, "[a]lthough ice is transparent and difficult to observe in many circumstances, our Supreme Court has explained that wintry conditions, like any other condition on the premises, may be deemed open and obvious"); *Hoffner*, 492 Mich at 473 (an ice-covered entryway to a fitness center was an open-and-obvious and avoidable hazard); *Perkoviq v Delcor Homes–Lake Shore Pointe, Ltd.*, 466 Mich 11, 16; 643 NW2d 212 (2002) (holding that ice and frost on a roof was an open-and-obvious hazard); *Cole v Henry Ford Health Sys.*, 497 Mich 881, 854 NW2d 717 (2014) (noting in an order that "so-called 'black ice'" in a parking lot posed an open-and-obvious hazard); *Ververis v Hartfield Lanes (On Remand)*, 271 Mich App 61, 67; 718 NW2d 382 (2006) (citing our Supreme Court precedent and explaining that "as a matter of law ... by its very nature, a snow-covered surface presents an open and obvious danger because of the high probability that it may be slippery.").

Indeed, even in circumstances where an individual slips on ice that is invisible to the naked eye, pursuant to our Supreme Court's precedent, "our courts have progressively imputed knowledge regarding the existence of a condition as should reasonably be gleaned from all of the senses as well as one's common knowledge of weather hazards that occur in Michigan during the winter months." *Slaughter*, 281 Mich App at 479. More specifically, "indicia of a potentially hazardous condition" such as "wintry conditions" and below freezing temperatures, could alert a plaintiff of a hazardous condition. *Janson v Sajewski Funeral Home, Inc*, 486 Mich 934; 782 NW2d 201 (2010).

In this case, as in the cases cited above, the ice that plaintiff slipped on was an open-and-obvious hazard, as that doctrine has been articulated by our Supreme Court. Here, the record evidence shows that although plaintiff testified that he did not see the ice when he was walking up the driveway, plaintiff saw the ice after he fell, notwithstanding the darkness. Specifically, plaintiff stated, "[A]fter I fell, I got up and I saw ice." Thus, by plaintiff's own words, a reasonable person in plaintiff's position would have observed the slippery conditions and the ice was observable upon a casual inspection. Moreover, there was other indicia of a potentially hazardous condition that would have alerted a reasonable person to the potentially hazardous conditions. Specifically, it was a cold February night in Michigan, one that Devin Kersey described as "freezing," and, according to Kersey, there was one to two inches of snow on the ground that day. Again, pursuant to precedent by our Supreme Court, these conditions would have alerted a reasonable person in plaintiff's position to the potentially slippery conditions.

Plaintiff argues that the darkness concealed the conditions of the driveway. However, there was testimony that there was snow on the ground and plaintiff was aware that it was cold. Furthermore, plaintiff testified that, after he fell and got back on his feet, he could see the ice on the ground. Given these circumstances, a reasonable person in plaintiff's position would have been able to appreciate the hazardous condition of the driveway. Accordingly, absent a special aspect, plaintiff's claim was barred by the open-and-obvious doctrine.

"If the condition is open and obvious, a plaintiff who is injured by the condition may avoid summary disposition only if there are special aspects to the condition." *Hoffner*, 492 Mich at 464. "[O]nly those special aspects that give rise to a uniquely high likelihood of harm or severity of harm if the risk is not avoided will serve to remove that condition from the open and obvious danger doctrine." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 519; 629 NW2d 384 (2001). "An open and obvious hazard that is effectively unavoidable for the plaintiff is unreasonably dangerous and, thus, may give rise to liability." *Hoffner*, 492 Mich at 472. To be effectively unavoidable, "the plaintiff must be effectively trapped by the hazard." *Bullard v Oakwood Annapolis Hosp*, 308 Mich App 403, 411-412; 864 NW2d 591 (2014). Effectively unavoidable conditions "must be differentiated from those risks posed by ordinary conditions or typical open and obvious hazards." *Hoffner*, 492 Mich at 463. "Under this limited exception, liability may be imposed only for an *unusual* open and obvious condition that is *unreasonably dangerous*." *Id.* at 462 (quotation marks omitted and emphasis added). "[N]either a common condition nor an avoidable condition is uniquely dangerous." *Id.* at 463.

As the numerous above-referenced cases make clear, ice is considered a common occurrence in Michigan and is not considered a uniquely dangerous hazard and it does not fall within the special aspect exception to the open-and-obvious doctrine. See e.g. *Perkoviq*, 466 Mich at 19-20 (holding that there were no special aspects with respect to the presence of ice, snow, and frost on sloped roof). Additionally, plaintiff was not effectively trapped and the lack of lighting did not create what our Supreme Court has come to recognize as a "special condition." See, *Hoffner*, 492 Mich at 463-465. After plaintiff arrived at defendants' home, he walked around the passenger side of the vehicle parked in front of his car. Because the vehicle was parked in the middle of the driveway, plaintiff could have also walked around the driver side of that vehicle and he could have left his headlights on. Furthermore, defendant Keyana Dickerson walked on the same driveway, past the cars, to check on the plaintiff after he fell, and she did not slip and fall on ice. See e.g. *Bullard*, 308 Mich App at 411-412. On these facts, we are precluded from finding that the driveway presented any special aspects.

In sum, the icy driveway posed an open-and-obvious hazard and there were no special aspects; accordingly, summary disposition was warranted and the trial court erred in concluding otherwise.[3] *Lymon*, 314 Mich App at 757.

Reversed and remanded. No costs awarded. MCR 7.219(A). We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ William B. Murphy
/s/ Amy Ronayne Krause

---

[3] Given our resolution of the open-and-obvious doctrine, we need not address defendants' argument regarding whether they had notice of the icy condition.