*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DERICK BOWMAN, Personal Representative of the ESTATE OF BRENDA BOWMAN, and DERICK BOWMAN, individually,

Plaintiffs-Appellants,

v

LARRY WALKER and RODNEY LAUDERDALE,

Defendants-Appellees.

FOR PUBLICATION
February 10, 2022
9:10 a.m.

No. 355561
Kent Circuit Court
LC No. 19-006176-NO

Before: BORRELLO, P.J., and M. J. KELLY and REDFORD, JJ.

M. J. KELLY, J.

Plaintiffs, Derick Bowman individually and as personal representative of the Estate of Brenda Bowman,[1] appeal as of right an order granting summary disposition to defendants, Larry Walker and Rodney Lauderdale, under MCR 2.116(C)(10). We affirm in part and reverse in part and remand to the trial court for further proceedings.

## I. BASIC FACTS

On February 8, 2019, Brenda Bowman exited her apartment on her way to work. Because the area around the back door of her apartment was covered with snow, Bowman decided to leave through the front door. That area, however, was also covered in snow. Just outside her front door, she slipped on ice that was covered by snow and fell. As a result of her fall, she sustained injuries to her knees and her hip.

On July 17, 2019, Bowman and her husband filed a complaint against Walker, the owner of the apartment complex, and Lauderdale, the property manager, raising counts of negligence, premises liability, and loss of consortium. In an amended complaint, they added an allegation that

---

[1] Brenda Bowman passed away while this appeal was pending and her estate was substituted as a party.

-1-

defendants had violated MCL 554.139. Defendants moved for summary disposition under MCR 2.116(C)(10), asserting that the snow and ice accumulation was an open and obvious hazard and that they did not breach any duty owed to Bowman under MCL 554.139. They also argued that the loss of consortium claim should be dismissed because it was derivative of the other claims. In response, Bowman and her husband asserted that the ice was not open and obvious because it was covered by snow, and, even if it were open and obvious, it was effectively unavoidable because Bowman had to confront the hazard to go to work. They also argued that their claim against Launderdale was one for ordinary negligence, not premises liability, so the open-and-obvious doctrine did not apply to bar that claim. Finally, they asserted that the walkway was not fit for its intended purpose because it was covered in snow and ice, and they noted that the open-and-obvious doctrine does not apply to violations of MCL 554.139. In a reply brief, defendants asserted that because the claim was based on an alleged defective condition on the land, it was a premises liability claim, not an ordinary negligence claim. Further, defendants contended that Bowman's lease had been terminated prior to the accident, so she was not a tenant owed a duty under MCL 554.139.

Following oral argument, the court entered an order dismissing plaintiffs' claims under MCR 2.116(C)(10). The court held that the hazard causing Bowman's injury was open and obvious and was not effectively unavoidable. Recognizing that the injury was caused by an allegedly dangerous condition on the land, the court rejected the argument that part of the complaint sounded in ordinary negligence. With respect to the claimed violation of MCL 554.139, the trial court concluded that the accumulation of ice and snow on the walkway was "merely inconvenient" and did not render the walkway unfit for its intended purpose. The loss of consortium claim was dismissed because it was derivative of the other claims, all of which had been dismissed. This appeal follows.

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

Plaintiffs argue that the trial court erred by granting defendants' motion for summary disposition. A trial court's decision to grant a motion for summary disposition is reviewed de novo. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). "A de-novo review means that we review the legal issue independently, without deference to the lower court." *Estate of Swanzy v Kryshak*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 351649); slip op at 3.

### B. ANALYSIS

#### 1. NATURE OF THE CLAIM

Plaintiffs argue that the trial court erred by dismissing their claim against Lauderdale because that claim sounds in ordinary negligence, not premises liability. However, "[i]f the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012). Here, Bowman alleges

that she slipped and fell on snow-covered ice. That is, she alleged that she was injured after encountering a dangerous condition on the premises. As a result, her claim sounds in premises liability rather than ordinary negligence. See *id*. And, because Lauderdale is not an owner, possessor, or occupier of the premises, he cannot be held liable on a premises liability theory. See *Laier v Kitchen*, 266 Mich App 482, 493; 702 NW2d 199 (2005) ("In a premises liability claim, liability emanates merely from defendant's duty as an owner, possessor, or occupier of land."). Consequently, the trial court did not err by rejecting plaintiffs' claim that they had brought a claim sounding in ordinary negligence.

## 2. PREMISES LIABILITY

A premises owner generally "owes a duty to an invitee to exercise reasonable care to protect the invitee from unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). This duty generally does not extend to open and obvious dangers. *Id*. " 'Where the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee.' " *Id*., quoting *Riddle v McLouth Steel Prod Corp*, 440 Mich 85, 96; 485 NW2d 676 (1992).

"Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012). "This is an *objective standard*, calling for an examination of 'the objective nature of the condition of the premises at issue.' " *Id*., quoting *Lugo*, 464 Mich at 523-524. The hazard in this case was snow-covered ice. Although plaintiffs contend that the danger posed by the ice was hidden by the accumulation of snow, that fact does not negate the open and obvious nature of the hazard. Instead, as explained by this Court in *Ververis v Hartfield Lanes*, 271 Mich App 61, 67; 718 NW2d 382 (2006), "as a matter of law that, by its very nature, a snow-covered surface presents an open and obvious danger because of the high probability that it may be slippery." Contrary to plaintiffs' argument on appeal, the ice in this case is not akin to black ice. Black ice, by definition, is either invisible or nearly invisible. *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 483; 760 NW2d 287 (2008). In *Slaughter*, this Court explained that as a result black ice is not an open and obvious danger unless there is evidence "that the black ice in question would have been visible on casual inspection before the fall or without other indicia of a potentially hazardous condition." *Id*. Although plaintiffs present evidence indicating that the ice in this case was not visible upon casual inspection prior to her fall, the fact that it was covered in snow is nevertheless an indicium "of a potentially hazardous condition," so as to render the hazard open and obvious. See *Ververis*, 271 Mich App at 67.

Plaintiffs next argue that, even if the hazard were open and obvious, special aspects of the open and obvious hazard give rise to liability. There are "two instances in which the special aspects of an open and obvious hazard could give rise to liability: when the danger is *unreasonably dangerous* or when the danger is *effectively unavoidable*." *Hoffner*, 492 Mich at 463. In *Hoffner*, the Supreme Court explained that "the standard for 'effective unavoidability' is that a person, for all practical purposes, must be *required* or *compelled* to confront a dangerous hazard." *Id*. at 469.

Plaintiffs argue that the hazard in this case was effectively unavoidable because both exits from the apartment were covered in snow and because Bowman had to leave to go to work. The question, therefore, is whether a hazard that one must confront in order to get to his or her place of employment for work purposes is effectively unavoidable. The trial court concluded that, although Bowman was effectively trapped in her apartment, the hazard was not effectively unavoidable. In doing so, the court relied on *Perkoviq v Delcor Homes-Lake Shore Pointe, Ltd*, 466 Mich 11; 643 NW2d 212 (2002) for the proposition that a hazard is not effectively unavoidable simply because an employee must confront it as part of his or her employment. The trial court issued its Opinion and Order granting summary disposition on November 6, 2020. Our Supreme Court decided *Estate of Livings v Sage's Investment Group LLC*, 507 Mich 328, 345 n 13; ___ NW2d ___ (2021), June 30, 2021, and in it stated: "*Perkoviq* did not discuss whether compulsion to confront a hazard for purposes of employment can render that hazard effectively unavoidable." As a result, when it decided the matter below, the trial court did not have the benefit of the Supreme Court's opinion in *Estate of Livings*, which held:

> Given that our state is prone to winter, it is reasonable to anticipate that many businesses will remain open even during bleak winter conditions. A landlord cannot expect that every one of its tenant's employees will be permitted to stay home on snowy days. Therefore, it is reasonable to anticipate that a person will proceed to encounter a known or obvious danger for purposes of his or her work. Accordingly, an open and obvious hazard can become effectively unavoidable if the employee confronted it to enter his or her workplace for work purposes. [*Estate of Livings*, 507 Mich at 345.]

The required analysis "centers on whether a reasonable premises possessor in the defendant's circumstances could reasonably foresee that the employee would confront the hazard despite its obviousness." *Id*. at 346. Although application of the standard depends on the facts of the case, "the key is whether alternatives were available and would have been used by a reasonable person in the employee's circumstances." *Id*. at 347. An example of an alternative is using a different path when going to work. *Id*. However, a hazard is not avoidable "simply because the employee could have elected to skip work or breach other requirements of his or her employment." *Id*.[2]

---

[2] In explaining that skipping work was not a reasonable alternative, our Supreme Court stressed that "requiring courts to sit in judgment of the social value of various jobs, is not a task suited to the judiciary." *Estate of Livings*, 507 Mich 347 n 16. However, "courts can consider the consequences of failing to attend work or breaching other employment requirements, and those consequences might differ depending on the urgency of the work." *Id*. In order to prevail, the plaintiff need not show that he or she would have been terminated from his or her employment. *Id*. at 347 n 15. This is because "an employee has other natural inducements to show up for work, such as remaining in good standing and earning a day's pay." *Id*. Given the complexities related to the reasons why an employee might choose to confront a hazard as opposed to skipping work, this inquiry is inherently fact intensive and is not well suited to resolution on a motion for summary disposition under MCR 2.116(C)(10).

Although *Estate of Livings* addressed the circumstance where an employee is injured by a hazard he or she confronts while entering his or her place of work, the same principles apply to a tenant injured while encountering a hazard when leaving his or her place of residence in order to travel to work. Here, plaintiffs presented evidence that Bowman was leaving her apartment in order to go to work. Both exits from her home led to snow-covered pathways. From this evidence, a fact-finder could reasonably conclude that Bowman confronted the condition in order to go to her place of employment for work purposes. Because plaintiffs have presented sufficient evidence to show that Bowman confronted the snow and ice to travel from her residence to her workplace for purposes of her employment, and because defendants have not shown as a matter of law that any reasonable alternative would have allowed Bowman to avoid the hazard, there is a genuine question of material fact as to whether the condition was effectively unavoidable. Summary disposition of plaintiffs' premises liability claim, therefore, was improper.

### 3. VIOLATION OF MCL 554.139

MCL 554.139(1) provides as follows:

(1) In every lease or license of residential premises, the lessor or licensor covenants:

(a) That the premises and all common areas are fit for the use intended by the parties.

(b) To keep the premises in reasonable repair during the term of the lease or license, and to comply with the applicable health and safety laws of the state and of the local unit of government where the premises are located, except when the disrepair or violation of the applicable health or safety laws has been caused by the tenants willful or irresponsible conduct or lack of conduct.

"[T]he open and obvious danger doctrine is not available to deny liability" for a statutory violation under MCL 554.139(1). *Benton v Dart Props Inc*, 270 Mich App 437, 441; 715 NW2d 335 (2006). A common area need not be in ideal condition to be rendered fit for its intended purpose. *Allison v AEW Capital Management, LLP*, 481 Mich 419, 430; 751 NW2d 8 (2008).

The trial court concluded that the patio area just outside her door that Bowman slipped on was akin to a sidewalk. In *Benton v Dart Props Inc*, 270 Mich App 437, 438-439; 715 NW2d 335 (2006), the plaintiff slipped and fell on an icy sidewalk while walking from his apartment to the parking lot. This Court held that the sidewalk was a common area under MCL 554.139(1)(a) and that "[b]ecause the intended use of a sidewalk is walking on it, a sidewalk covered with ice is not fit for this purpose." *Id*. at 444. Thereafter, our Supreme Court addressed the issue of a snow and ice accumulation in a parking lot of an apartment complex. *Allison*, 481 Mich at 424. The Supreme Court identified the primary purpose of a parking lot as a place to store vehicles, but it also noted that tenants must have reasonable access to their parked vehicles, which required tenants to walk across the parking lot in order to access their vehicles. *Id*. at 429-430. In *Allison*, the court concluded that the plaintiff did not show that the condition of the parking lot precluded access to his vehicle. In doing so, the court noted:

-5-

Plaintiff's allegation of unfitness was supported only by two facts: that the lot was covered with one to two inches of snow and that plaintiff fell. Under the facts presented in this record, we believe that there could not be reasonable differences of opinion regarding the fact that tenants were able to enter and exit the parking lot, to park their vehicles therein, and to access those vehicles. Accordingly, plaintiff has not established that tenants were unable to use the parking lot for its intended purpose, and his claim fails as a matter of law. [*Id*. at 430.]

On appeal, plaintiffs argue that the trial court erred by relying on *Allison*, which specifically addressed parking lots, instead of *Benson*, which specifically addressed sidewalks. The rationale in *Allison* has, however, been applied to sidewalks. See *Estate of Trueblood v P&G Apts, LLC*, 327 Mich App 275, 290; 933 NW2d 732 (2019) and *Jeffrey-Moise v Williamsburg Towne Houses Coop, Inc*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 351813), slip op at pp 10-11. In doing so, the Court in *Estate of Trueblood* explained that "*Allison* stands for the proposition that a plaintiff must present more evidence than simply the presence of ice or snow and someone falling." *Estate of Trueblood*, 327 Mich App at 291-292. In *Estate of Trueblood*, the plaintiff presented more evidence than the fact that she fell while there was snow and ice on the sidewalk, and that evidence created a question of fact as to whether the sidewalk was *completely* covered in ice. *Id*. at 290-291. The Court then concluded "that a sidewalk completely covered in ice is not fit for its intended use, because it does not present a mere inconvenience of access; anyone walking on a sidewalk completely covered in ice would be forced to walk on ice, and there is no way to simply walk around it. *Estate of Trueblood*, 327 Mich App at 291 (quotation marks, citations, and alterations omitted). In contrast, in *Jeffrey-Moise*, this Court concluded:

[P]laintiff did not establish that a genuine issue of material fact existed regarding whether the sidewalk was fit for its intended use. Plaintiff testified that the walkway was clear of snow and the lighting where she fell was good. She testified that after she fell, she noticed patches of ice on the sidewalk. Plaintiff's neighbor similarly testified that she noticed patches of ice on [the] sidewalk. Accordingly, plaintiff demonstrated only that [the] sidewalk had patches of ice, which at most indicated inconvenience of access or that the sidewalk was not in peak condition, but did not render the sidewalk unfit for its intended purpose. See *Allison*, 481 Mich at 430. [*Jeffrey-Moise*, ___ Mich App at ___; slip op at 11.]

In sum, although a sidewalk completely covered in ice is unfit for its intended purpose, a sidewalk covered only in patches of ice does not render the sidewalk unfit for its intended purpose. In this case, plaintiff has only presented evidence that snow and ice were present and that she fell. Even viewing the evidence in the light most favorable to plaintiffs, they have only shown that the sidewalk had some ice and snow on it, which at most indicated that there was inconvenience of access or that the patio was not in peak condition. They have not shown, however, that there is a genuine issue of material fact regarding whether the patio was fit for its intended purpose. The

trial court, therefore, did not err by summarily dismissing plaintiff's claim that defendants violated MCL 554.139.[3]

## 4. LOSS OF CONSORTIUM

The trial court only dismissed plaintiffs' claim for loss of consortium because it was derivative of the claims that the court dismissed. See *Berryman v K Mart Corp*, 193 Mich App 88, 94; 483 NW2d 642 (1992) ("A claim of loss of consortium is derivative and recovery is contingent upon the injured spouse's recovery of damages for the injury."). We conclude that because the trial court erred by dismissing plaintiffs' premises liability claim, it necessarily erred by dismissing plaintiffs' claim for loss of consortium.

Affirmed in part, reversed in part, and remanded for further proceedings. We do not retain jurisdiction. Neither party having prevailing in full, no taxable costs are awarded. MCR 7.219(A).

/s/ Michael J. Kelly
/s/ Stephen L. Borrello
/s/ James Robert Redford

---

[3] Defendants argue that they were not liable for Bowman's injuries under MCL 554.139 because that liability stems from a valid lease agreement, which defendants argue Bowman did not have at the time of the incident. Because we have concluded that the trial court did not err by dismissing plaintiffs' claim under MCL 554.139, we need not address this alternative argument in favor of affirmance. Nevertheless, we note that defendants raised this issue for the first time in their reply brief. Because reply briefs "must be confined to rebuttal of the arguments in the nonmoving party or parties' response brief," MCR 2.116(G)(1)(a)(*iii*), the issue was not properly raised in the trial court, and it was not addressed by the trial court.