**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED APRIL 24, 2002**

ANTON PERKOVIQ,

    Plaintiff-Appellee,

v                                        No. 116059

DELCOR HOMES—LAKE SHORE
POINTE, LTD.,

    Defendant-Appellant.

_____

PER CURIAM

The plaintiff was injured when he fell from the roof of a partially constructed house as he was preparing to paint in the course of his employment. He brought this action against defendant, the owner and the general contractor of the subdivision development. The circuit court granted summary disposition for the defendant. The Court of Appeals reversed in part, finding that genuine issues of material fact existed regarding plaintiff's claim that defendant, as owner of the property, was liable on a premises liability theory.

We conclude that the evidence before the circuit court on the motion for summary disposition did not provide a basis for

establishing premises liability. We thus reverse the judgment of the Court of Appeals and reinstate the circuit court's judgment for the defendant.

I

Defendant Delcor Homes—Lake Shore Pointe, Ltd., was both owner and general contractor of a residential subdivision development near Howell in Livingston County. The plaintiff was employed by a subcontractor on the project, Kalaj Painting and Decorating. Delcor had hired Kalaj to perform painting services at the project, which involved construction of more than two hundred homes. On November 22, 1995, the plaintiff was working on the roof of a home under construction when he slipped on ice or frost that had formed on the roof, falling approximately twenty feet to the ground and suffering serious injuries.

The plaintiff and a coworker had been instructed to paint the upper level exterior of three homes. They went to one of them. The rough roof of the house consisted only of plywood sheeting. Shingles were not yet in place. In his deposition, the plaintiff testified that several 2 x 4 slats of wood were nailed at the lower edge of the roof to provide footing. This was insufficient to allow plaintiff to climb all the way up the roof to paint the exterior walls. He was attempting to nail additional slats onto the roof when he slipped on the ice or frost on the plywood and fell.

Plaintiff filed this action, alleging that the defendant was liable on the basis of its role as a general contractor on the project and its status as owner of the property. After discovery, the defendant moved for summary disposition under MCR 2.116(C)(10), contending that no genuine issue of material fact existed and that it was entitled to judgment as a matter of law. The circuit court granted the motion and entered judgment for the defendant. The plaintiff appealed.

II

The Court of Appeals first dealt with the question of defendant's liability on the basis of its status as the general contractor on the project. The plaintiff's complaint included allegations about the defendant's failure to provide a safe workplace and appropriate safety equipment, as well as other claims about its operation of the construction site. The Court of Appeals analyzed the principles applicable to such claims and concluded that the plaintiff had failed to establish a genuine issue of material fact regarding those theories. The plaintiff has not challenged that aspect of the Court of Appeals decision in this Court.

The Court of Appeals then turned to plaintiff's theory that defendant was liable on the basis of its status as owner or occupier of the premises. It was not disputed that plaintiff, as an employee of a subcontractor on the project, was an invitee. The Court stated that an invitor's legal duty is to exercise reasonable care to protect invitees from

3

unreasonable risk of harm caused by a dangerous condition of the land that the landowner knows or should know that invitees will not discover, realize, or protect themselves against. *Bertrand v Alan Ford, Inc*, 449 Mich 606, 617-618; 537 NW2d 185 (1995). If the dangerous conditions are hidden or latent, the owner has a duty to warn the invitee of the dangers. *Knight v Gulf & Western Properties, Inc*, 196 Mich App 119, 124-125; 492 NW2d 761 (1992). The Court of Appeals stated that even where conditions are known or obvious to the invitee, the owner may still be required to use reasonable care to protect the invitee from the danger if the risk of harm is unreasonable.

The Court of Appeals concluded that genuine issues of material fact existed regarding premises liability:

> Here, it is undisputed that defendant is both owner and developer/general contractor of the subdivision under construction, and as possessor of the land, defendant has the legal duty to protect its invitees. The danger of slipping off a roof appears to be open and obvious, especially where there is frost on the roof and plaintiff himself and his co-worker testified that they told defendant that the roof was icy; thus, the failure to warn theory fails to establish liability. Further, the evidence does not establish a defective physical structure; instead, it appears that there was frost or ice on the roof because of the weather conditions. Such conditions may make the situation unreasonably dangerous, but the question arises as to whether defendant should expect that plaintiff, who paints for a living, will fail to protect himself against the danger. The evidence presented, including the contract and deposition testimony, is conflicting as to who was responsible for providing safety equipment and ensuring its use; either the general contractor, the subcontractor or both. A question exists as to

4

whether defendant should have anticipated that the ice/frost on the roof would cause physical harm to a painter notwithstanding its known and obvious danger. Based on the evidence presented and giving the benefit of reasonable doubt to the nonmoving party, a genuine issue of material fact exists as to whether defendant could be liable under the theory of premises liability; thus, we reverse the trial court's grant of summary disposition in favor of defendant with regard to this theory of liability. [Unpublished opinion per curiam, issued October 1, 1999.][1]

## III

The defendant has filed an application for leave to appeal to this Court. We held the application in abeyance for Lugo v *Ameritech Corp, Inc* (Docket No. 112575), which has now been decided. 464 Mich 512; 629 NW2d 384 (2001).

The appeal involves a trial court's ruling on a motion for summary disposition, which we review de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

## IV

This case presents a classic example of an open and obvious danger in the premises liability setting. There was nothing hidden about the frost or ice on the roof, and anyone encountering it would become aware of the slippery conditions.

In *Bertrand, supra*, we considered the effect of an open and obvious danger on the duty of the owner or possessor of

---

[1] The Court of Appeals also rejected plaintiff's claim that the circuit court should have permitted amendment of the pleadings to include a negligent selection/retention of subcontractor claim. The plaintiff has not cross-appealed that issue.

land.  Referring to 2 Restatement Torts, 2d, §§ 343[2] and 343A,[3]

we explained:

> The invitor's legal duty is "to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land" that the landowner knows or should know the invitees will not discover, realize, or protect themselves against.  [Quoting *Williams v Cunningham Drug Stores, Inc*, 429 Mich 495, 499; 418 NW2d 381 (1988).]
>
> * * *
>
> Where a condition is open and obvious, the scope of the possessor's duty may be limited. While there may be no obligation to warn of a fully obvious condition, the possessor still may have a duty to protect an invitee against foreseeably dangerous conditions.  Thus, the open and obvious doctrine does not relieve the invitor of his general duty of reasonable care.
>
> When §§ 343 and 343A are read together, the

---

[2]

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a)  knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b)  should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c)  fails to exercise reasonable care to protect them against the danger.

[3]

A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

6

rule generated is that if the particular activity or condition creates a risk of harm *only* because the invitee does not discover the condition or realize its danger, then the open and obvious doctrine will cut off liability if the invitee should have discovered the condition and realized its danger. On the other hand, if the risk of harm remains unreasonable, despite its obviousness or despite knowledge of it by the invitee, then the circumstances may be such that the invitor is required to undertake reasonable precautions. [449 Mich 609, 610-611 (emphasis in original).]

*Bertrand* involved a step in an automobile dealership. We held that the step was an open and obvious condition and that liability could be imposed only if something unusual made the condition unreasonably dangerous:

[B]ecause the danger of tripping and falling on a step is generally open and obvious, the failure to warn theory cannot establish liability. However, there may be special aspects of these particular steps that make the risk of harm unreasonable, and, accordingly, a failure to remedy the dangerous condition may be found to have breached the duty to keep the premises reasonably safe. [449 Mich 614.]

In summary, because steps are the type of everyday occurrence that people encounter, under most circumstances, a reasonably prudent person will look where he is going, will observe the steps, and will take appropriate care for his own safety. Under ordinary circumstances, the overriding public policy of encouraging people to take reasonable care for their own safety precludes imposing a duty on the possessor of land to make ordinary steps "foolproof." Therefore, the risk of harm is not unreasonable. However, where there is something unusual about the steps, because of their "character, location, or surrounding conditions," then the duty of the possessor of land to exercise reasonable care remains. [449 Mich 616-617.]

We reiterated those principles in our recent *Lugo* decision at 516-517:

7

"[I]f the particular activity or condition creates a risk of harm *only* because the invitee does not discover the condition or realize its danger, then the open and obvious doctrine will cut off liability if the invitee should have discovered the condition and realized its danger. On the other hand, if the risk of harm remains unreasonable, despite its obviousness or despite knowledge of it by the invitee, then the circumstances may be such that the invitor is required to undertake reasonable precautions."

In sum, the general rule is that a premises possessor is not required to protect an invitee from open and obvious dangers, but, if special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk. [Emphasis in original.]

Applying those principles to the facts of this case, there is no question that the condition of the roof was open and obvious. Thus, the question is whether, despite its obviousness and plaintiff's knowledge of it, a factfinder could determine that defendant breached a duty of reasonable care in the circumstances. We conclude that it could not, and that summary disposition was properly granted. In its status as owner, defendant had no reason to foresee that the only persons who would be on the premises, various contractors and their employees, would not take appropriate precautions in dealing with the open and obvious conditions of the construction site. There were no special aspects of this condition that made the open and obvious risk unreasonably dangerous.

8

The Court of Appeals seems to have confused general contractor liability with the liability of a possessor of premises. In explaining its conclusion that defendant could be liable on a premises liability theory, the Court used analysis that was irrelevant to that theory and would be applicable only to a claim against a general contractor. It stated:

> The evidence presented, including the contract and deposition testimony, is conflicting as to who was responsible for providing safety equipment and ensuring its use; either the general contractor, the subcontractor or both.

The fact that defendant may have additional duties in its role as general contractor, however, does not alter the nature of the duties owed by virtue of its ownership of the premises.[4] As owner, it had no reason to foresee that the condition of the premises would be unreasonably dangerous, as the roof lacked any special aspects that would make it so. It could not expect that employees of subcontractors working on the house would fail to take necessary precautions to guard against the obvious danger of the slippery condition of the roof.

---

[4] As noted above, plaintiff's other claim was that defendant, as general contractor, did not take appropriate measures to insure the safety of the job site. However, the lower courts have held that this case does not come within the exceptions to the general principle that general contractors are not liable for injuries to subcontractors' employees. Plaintiff has not appealed that determination, and it is not before us.

In short, plaintiff has presented no evidence that the condition of the roof was unreasonably dangerous for purposes of premises liability. The mere presence of ice, snow, or frost on a sloped rooftop generally does not create an unreasonably dangerous condition. Plaintiff has not articulated any action that could reasonably be expected of possessors of land in Michigan to protect against the obvious dangers that arise when snow, ice, or frost accumulate on sloped rooftops. To avoid summary disposition on this type of claim, a plaintiff must present evidence of "special aspects" of the condition that differentiate it from the typical sloped rooftop containing ice, snow, or frost. *Lugo*, supra.

Accordingly, we reverse the judgment of the Court of Appeals in part, and reinstate the circuit court's grant of summary disposition in favor of the defendant.

CORRIGAN, C.J., and TAYLOR, YOUNG, and MARKMAN, JJ., concurred.

10

# S T A T E   O F   M I C H I G A N

## SUPREME COURT

ANTON PERKOVIQ,

    Plaintiff-Appellee,

v

DELCOR HOMES-LAKE SHORE
POINTE, LTD.,

    Defendant-Appellant.

No.  116059

_____

WEAVER, J. (*concurring*).

I concur in the result of the majority opinion. Plaintiff presented no evidence that the icy roof was unreasonably dangerous despite its obviousness.

Cavanagh and Kelly, JJ., concurred with Weaver, J.