DOTSON v GARFIELD COURT ASSOCIATES, LLC, No. 150446; Court of Appeals No. 315411.

MARKMAN, J. (*dissenting*). I respectfully dissent from this Court's order denying leave to appeal and would instead grant leave to address a growing lack of consistency in our law concerning the application of the "open and obvious" doctrine to winter snow and ice accumulations, as well as the applicability of *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 429 (2008) (stating that the lessor has a duty to the lessee under MCL 554.139(1)(a) to keep a parking lot "fit for the use intended by the parties"), as it pertains to winter snow and ice accumulations.

On an early January morning, plaintiff was injured when she stepped in a snow-covered pothole in her apartment's parking lot while walking to a trash dumpster to deposit a bag of trash. Because it had snowed that night, defendants had plowed and salted the parking lot several hours earlier. Plaintiff, who for several months had lived in the apartment and regularly used the lot to park her vehicle and access the dumpster, was aware that the parking lot contained several potholes and had been newly covered by snow. The trial court granted summary disposition in favor of defendants because the danger presented by the pothole was "open and obvious." The Court of Appeals, however, reversed, holding that there were questions of fact concerning whether the danger was not "open and obvious" and whether the parking lot—a common area—was "fit for the use intended by the parties." *Dotson v Garfield Court Assoc, LLC*, unpublished opinion per curiam of the Court of Appeals, issued August 7, 2014 (Docket No. 315411), pp 3-5.

In Michigan, we are familiar with the accumulation of snow and ice during winter months, as well as the constant efforts to minimize the disruption to our daily lives caused by these accumulations. We are also familiar with the reality that these accumulations sometimes cause injuries, in particular of a "slip and fall" character. The instant case presents one typical injury of that nature. In my judgment, this case affords this Court the opportunity to provide clearer guidance to the bench and bar, and the people of this state, concerning winter accumulations and a lessor's related duties under MCL 554.139(1)(a). As the following sampling of cases suggest, further guidance from this Court would seemingly be helpful.

In *Patterson v Knollwood Village Assoc Ltd Partnership*, unpublished opinion per curiam of the Court of Appeals, issued July 1, 2014 (Docket No. 314806), p 3, the Court of Appeals affirmed the trial court's grant of summary disposition in favor of the defendant apartment lessor in a case in which the plaintiff " 'stepped on the slant of the [snow-covered] curb' " and suffered injury. The Court of Appeals held that the danger was "open and obvious" because the "plaintiff knew of the existence of the curb and, more importantly, testified that she believed there was ice

on it also[.]" *Id.* On the other hand, in *Robbins v Village Crest Condo Ass'n (On Remand)*, unpublished opinion per curiam of the Court of Appeals, issued July 30, 2013 (Docket No. 300842), p 1, the Court of Appeals reversed the trial court's grant of summary disposition in favor of the defendant condominium association in a case in which the plaintiff "slipped and fell on black ice" on the parking lot. The Court of Appeals held that although "the temperature was below freezing" and "it had snowed two days before," there nevertheless existed a "question of fact regarding whether there were indicia of a potentially hazardous condition . . . ." *Id.* at pp 3-5. That is, the Court of Appeals held that the black ice was not "open and obvious" despite winter conditions suggesting otherwise. How can these two decisions be reconciled? In *Patterson*, the plaintiff was *not* able to recover for injuries suffered as a result of a snow-covered obstacle because she was on notice of its presence, yet in *Robbins*, the plaintiff *was* able to recover for injuries suffered as a result of black ice notwithstanding that she should have had at least constructive notice of its presence.

Such inconsistencies are not limited to premises liability decisions; the Court of Appeals has inconsistently applied the lessor's duty under MCL 554.139(1)(a) as well. In *Young v Michigan Tree Apartments LLC*, unpublished opinion per curiam of the Court of Appeals, issued May 19, 2015 (Docket No. 320439), the Court of Appeals affirmed the trial court's grant of summary disposition in favor of the defendant apartment in a case in which the plaintiff slipped and fell on ice on an unlit parking lot. The Court of Appeals held that the "plaintiff could not show that apartment tenants were unable to 'enter and exit the parking lot, to park their vehicles therein, and to access those vehicles.' " *Id.* at 5, quoting *Allison*, 481 Mich at 430. But in *Dougherty v Nykel-Somerset Mgt, LLC*, unpublished opinion of the Court of Appeals, issued September 4, 2012 (Docket No. 303910), the Court of Appeals reversed the trial court's grant of summary disposition in favor of the defendant apartment complex and the defendant management company in a case in which the plaintiff slipped and fell on black ice on the sidewalk. The Court of Appeals held that the plaintiff had established a genuine issue of material fact concerning his MCL 554.139(1)(a) claim because "the lighting was so inadequate that it made it difficult for an ordinary user to discover dangerous conditions on the sidewalk when it is dark." *Id.* at 7 (opinion by M. J. KELLY, J.). The Court of Appeals did not explain how the presence of better lighting might have facilitated the plaintiff's identification of the black ice, which by its very nature is transparent. Nor did it explain how ice obscured by inadequate lighting is different from ice obscured by snow or how the presence of ice somehow made the sidewalk here "unfit for use." Again, how can these decisions be reconciled? In both decisions, the respective plaintiffs were unable to visually identify the ice, yet only one plaintiff was able to recover for an alleged breach of the lessor's duty under MCL 554.139(1)(a).

Turning to the instant case, I discern little difference between the snow-covered pothole and the snow-covered curb in *Patterson*, and it is incongruous that only the defendants here may be subject to liability notwithstanding the 'open and obvious' doctrine. Furthermore, as

defendants had plowed and salted the parking lot the very night before, as well as the morning of the accident, to allow tenants to traverse the lot, I fail to understand why defendants here may have breached their MCL 554.139(1)(a) duty to keep the parking lot "fit for the use intended by the parties," while the *Young* defendant did not breach its MCL 554.139(1)(a) duty notwithstanding that it could have provided better lighting. In the absence of additional guidance from this Court concerning winter snow and ice accumulations, I can only expect further such inconsistent results, of which the cases mentioned herein constitute only the tip of the iceberg (and snowberg).

It is essential that landowners in a cold-weather state such as Michigan—one in which snow and ice tend to appear on a predictable basis during certain times of the year—be clearly apprised of their legal obligations in responding to the obstacles, risks, and inconveniences posed by winter's conditions. What are the landowner's obligations to facilitate safe passage, and what are the non-landowner's obligations to facilitate safe passage by the exercise of personal responsibility? What are the realistic legal expectations of the landowner, and what are the realistic legal expectations of non-landowners? While there are decisions of this Court that have set forth rules of law for understanding the legal obligations of winter, see, e.g., *Hoffner v Lanctoe*, 492 Mich 450, 481 (2012) ("[T]he law compels individuals to accept personal responsibility for their well-being by avoiding apparent hazards, including those precipitated by Michigan winters."); *Allison*, 481 Mich at 430 ("Mere inconvenience of access, or the need to remove snow and ice from parked cars, will not defeat the characterization of a lot as being fit for its intended purpose."), continued and close attention must be given to this widely litigated area of the law. Already, I believe, we are seeing the reappearance of a legal environment in this state in which, as a function of the lesser review given by this Court to unpublished Court of Appeals decisions, there are a growing number of contradictory cases from which lawyers for injured persons can focus on decisions from Column A and lawyers for landowners can focus on decisions from Column B. Such an environment is incompatible with the rule of law, and this Court should respond by the creation of clear governing rules. The Court of Appeals' decision in this case now becomes just one more of a mounting number of incompatible decisions by our state courts concerning winter accumulations.