# STATE OF MICHIGAN

# COURT OF APPEALS

KEN YOUNG,

       Plaintiff-Appellant,

v

WALTON OIL, INC.,

       Defendant-Appellee.

UNPUBLISHED
February 6, 2018

No. 333794
Oakland Circuit Court
LC No. 2015-145680-NO

Before: MURRAY, P.J., and FORT HOOD and GLEICHER, JJ.

MURRAY, P.J., (*dissenting*).

In this premises liability case, the trial court granted defendant's motion for summary disposition on two grounds, notice and that the condition was open and obvious. I would affirm.

"A plaintiff who brings a premises liability action must show (1) the defendant owed [him] a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of [his] injury, and (4) [he] suffered damages." *Bullard v Oakwood Annapolis Hosp*, 308 Mich App 403, 408; 864 NW2d 591 (2014) (quotation marks and citation omitted; alterations in original). With regard to invitees, a premises owner has a "legal duty . . . to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land that the landowner knows or should know the invitees will not discover, realize, or protect themselves against." *Bertrand v Alan Ford, Inc*, 449 Mich 606, 609; 537 NW2d 185 (1995) (quotation marks and citation omitted).

However, "a premises possessor is not required to protect an invitee from open and obvious dangers[.]" *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 517; 629 NW2d 384 (2001). In other words, a landowner's duty to warn does not encompass warning invitees about conditions whose danger is open and obvious. *Lugo*, 464 Mich at 517, citing *Bertrand*, 449 Mich at 614. To determine whether a danger is open and obvious, the focus is on whether "an average person of ordinary intelligence [would have] discover[ed] the danger and the risk it presented on casual inspection[.]" *Price v Kroger Co of Mich*, 284 Mich App 496, 501; 773 NW2d 739 (2009). Of concern is the "objective nature of the condition of the premises at issue, not . . . the subjective degree of care used by the plaintiff." *Lugo*, 464 Mich at 524. Accordingly, for plaintiff to prove that the trial court erred in granting defendant's motion for summary disposition, he must "come forth with sufficient evidence to create a genuine issue of material fact that an ordinary user upon

casual inspection could not have discovered the existence" of the danger. *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 475; 499 NW2d 379 (1993).

The majority concludes that "[q]uestions of fact abound" on both the notice and the duty, or open and obvious, arguments. I respectfully disagree.

## I. NOTICE

In concluding that a genuine issue of material fact exists on constructive notice, the majority focuses exclusively on the conditions existing on the day at issue. That is typically the correct focus on these issues because that is what is typically argued in these cases. But what *plaintiff* focused on in his brief on appeal with respect to notice, indeed exclusively so, was not what defendant knew about the surface conditions, but on defendant's perceived failure to establish the reasonableness of its own inspection. Plaintiff did so because at the time his brief was submitted *Grandberry-Lovette v Garascia*, 303 Mich App 566, 573; 844 NW2d 178 (2014), and *Lowery v LMPS & LMPJ Inc.*, 313 Mich App 500; 885 NW2d 638 (2015), supported plaintiff's theory on the invitor's duty to inspect and who has the burden to prove a reasonable inspection was conducted. Plaintiff's concluding paragraph in his brief on appeal perfectly illustrates the exclusive nature of his notice argument:

> The court's opinion here on summary disposition ignored the contradictory testimony of the defendant, did not scrutinize the proofs defendant offered on what their inspection consisted of, and put on plaintiff the burden of proof. The Court of Appeals in Lowrey, rejected as inadequate a lack of evidence by the defendant as to whether their casual inspections were reasonable. Here, the trial court did exactly what the Court of Appeals has rejected. It should be for a jury to decide, given the conflicting testimony about whether they would salt, and if ice or snow was observable around the pumps at the gas station, and whether or not an inspection at 6:00 in the morning by "looking around," or by looking outside from inside, and a casual inspection at 3:00 p.m. by "looking around" is reasonable, when the incident here occurred after sunset at 7:30 p.m. on a bitterly cold February day. [Emphasis added.]

Unfortunately for plaintiff, while this appeal was pending, our Supreme Court overruled *Grandberry-Lovette* and related cases, stating that it had "never required a defendant to present evidence of a routine or reasonable inspection under the instant circumstances to prove a premises owner's lack of constructive notice of a dangerous condition on its property." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 10; 890 NW2d 344 (2016). Consequently, the duty plaintiff argues should have been placed upon defendant in addressing the notice issue is no longer controlling, and effectively guts plaintiff's sole argument on notice. Because that is the full extent of plaintiff's notice argument in his brief on appeal, that should be the end of the appeal. See *Flint City Council v Michigan*, 253 Mich App 378, 393 n 2; 655 NW2d 604 (2002) ("[T]his Court will not search for authority to support a party's position, and the failure to cite authority in support of an issue results in its being deemed abandoned on appeal.").

Although defendant did not raise constructive notice on appeal,[1] the trial court addressed notice in its decision, concluding that there is no evidence that defendant was aware of the icy condition between the gas pumps, or that it was put on constructive notice of the condition. As the trial court recognized, the only evidence presented showed that (1) no one employed by defendant had notice of the icy condition, (2) no one previously slipped in that area, and (3) no prior complaints were made to defendant about the icy condition. Absent any such evidence, plaintiff failed to establish a genuine issue of material fact as to defendant's notice, and the trial court properly granted summary disposition to defendant. *Id*.

Additionally, "in order to show notice, plaintiff had to demonstrate that defendant knew about the alleged [ice] or should have known of it because of its character or the duration of its presence." *Lowery*, 500 Mich at 11. Plaintiff offered no evidence of either. The majority ignores that plaintiff failed to meet this burden, but in light of that failure, no "fact question" could exist regarding the notion that the condition existed for such a time that it could be reasonably discovered. Summary disposition was proper.

## II. OPEN AND OBVIOUS

The majority also errs in reversing the trial court's decision on whether the condition was open and obvious.

"Generally, the hazard presented by snow and ice is open and obvious, and the landowner has no duty to warn of or remove the hazard." *Royce v Chatwell Club Apartments*, 276 Mich App 389, 392; 740 NW2d 547 (2007). This Court has described "black ice" in connection with the open and obvious doctrine as follows:

> Perhaps the best way to ascertain whether black ice is open and obvious is to examine the characteristics of black ice. Webster's New World College Dictionary (4th ed), p 151, describes black ice as "a thin, nearly invisible layer of ice on a paved road." Merriam-Webster's Collegiate Dictionary (11th ed), p 129, defines black ice as "a nearly transparent film of ice on a dark surface (as a paved road or a body of water) that is difficult to see." The American Heritage Dictionary of the English Language (4th ed), p 191, defines black ice as "[a] thin, nearly invisible coating of ice that forms on paved surfaces." The New Oxford American Dictionary (2nd ed), p 172, describes it as "a transparent coating of ice, found esp. on a road or other paved surface." The American Century Dictionary (2005), p 60, defines it as a "thin layer of invisible ice on a road, etc." [*Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 482-483; 760 NW2d 287 (2008) (alteration in original).]

In *Slaughter*, the plaintiff slipped and fell on "black ice" atop "black asphalt" after leaving her vehicle while patronizing a gas station. *Id.* at 475. During the morning, it was

---

[1] There is no dispute that defendant did not have actual notice.

sunny, and it had snowed neither on the day of the incident nor during the week before. *Id.* This Court stated as follows:

> When applying the open and obvious danger doctrine to conditions involving the natural accumulation of ice and snow, our courts have progressively imputed knowledge regarding the existence of a condition as should reasonably be gleaned from all of the senses as well as one's common knowledge of weather hazards that occur in Michigan during the winter months.
>
> * * *
>
> The overriding principle behind the many definitions of black ice is that it is either invisible or nearly invisible, transparent, or nearly transparent. Such definition is inherently inconsistent with the open and obvious danger doctrine. Consequently, we decline to extend the doctrine to black ice without evidence that the black ice in question would have been visible on casual inspection before the fall or without other indicia of a potentially hazardous condition.
>
> With regard to whether other evidence of an open and obvious danger existed in this case, there was no snow on the ground, and it had not snowed in a week. Before alighting from her truck, plaintiff did not observe anyone else slip or hold onto an object to maintain his or her balance. She did not see the ice before she fell, and could not readily see it afterwards. . . . Contrary to defendant's assertion that the mere fact of it being wintertime in northern Michigan should be enough to render any weather-related situation open and obvious, reasonable Michigan winter residents know that each day can bring dramatically different weather conditions, ranging from blizzard conditions, to wet slush, to a dry, clear, and sunny day. As such, the circumstances and specific weather conditions present at the time of plaintiff's fall are relevant. [*Id.* at 479, 483.]

In *Janson v Sajewski Funeral Home, Inc*, 486 Mich 934, 935 (2010), our Supreme Court recognized the following "indicia of a potentially hazardous condition":

> Here, the slip and fall occurred in winter, with temperatures at all times below freezing, snow present around the defendant's premises, mist and light freezing rain falling earlier in the day, and light snow falling during the period prior to the plaintiff's fall in the evening. These wintery conditions by their nature would have alerted an average user of ordinary intelligence to discover the danger upon casual inspection.

In an order issued in *Cole v Henry Ford Health Sys*, 497 Mich 881, 881 (2014), the Court held that black ice was open and obvious where "[t]here were several patches of ice evident in the area where the plaintiff fell," along with "numerous indicia of a potentially hazardous condition being present," including "seven inches of snow on the ground, some precipitation the previous day, and a recent thaw followed by consistent temperatures below freezing."

Here, plaintiff testified that he did not see the ice before he fell. Although other evidence conflicted concerning whether ice was in view, indications of a potentially hazardous condition

are not necessarily limited to visual clues. *Slaughter*, 281 Mich App at 479. And, when considering other indicia of a potentially hazardous condition beyond whether the ice was plainly visible, there was no issue of material fact as to the open and obvious nature of the condition. For instance, the evidence showed that temperatures were below freezing throughout the day in question and there was recent snow, see *Janson*, 486 Mich at 935, and there was snow on the ground on the day in question.[2] In addition, the sun had been out at times earlier in the day, signaling the possibility of recent thawing and refreezing, and plaintiff arrived at the gas station at 7:30 p.m., after the 6:00 p.m. sunset. See *Cole*, 497 Mich at 881. For these reasons, there were "indicia of a potentially hazardous condition" that would have alerted an average user of ordinary intelligence to discover the danger upon casual inspection. Thus, the trial court did not err in granting defendant's motion for summary disposition on the ground that the alleged hazard was open and obvious.

The majority comes to its conclusion through a misapplication of well-settled caselaw. First, the majority's suggestion that, "logically, ice that is invisible, or nearly so is not 'open and obvious' as a matter of law; one would not expect an average person to be able to discern a nearly invisible thing on casual inspection," is not entirely consistent with caselaw. Although it is true that, *without other indicia to indicate a hazard*, a condition that is "invisible or nearly invisible, transparent, or nearly transparent" will not typically be considered open and obvious, *Slaughter*, 281 Mich App at 483, in snow and ice cases it is precisely the evidence of other indicia that must be applied objectively[3] to determine if a condition is open and obvious. We cannot make assumptions about what was seen or not seen, and then make a "logical" leap to what is, or is not, open and obvious. This is because courts are concerned with "the objective nature of the condition on the premises," *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012) (quotation marks and citation omitted), and whether "a reasonable person in the plaintiff's

---

[2] According to weather reports submitted by the parties, on the day before the fall the high temperature was 18 degrees, the low was 8 degrees, it snowed lightly off and on, and there was 18 inches of snow on the ground. On the day of the fall, the high temperature was 15 degrees, the low was 1 degree, 18 inches of snow accumulation remained on the ground, and it snowed lightly in the morning. The sun set at 6:00 p.m. that day, and plaintiff's fall occurred at approximately 7:30 p.m.

[3] The test is an *objective* one, so whether plaintiff or one of defendant's employee's failed to see the ice is not determinative. See *Watts v Mich Multi–King, Inc*, 291 Mich App 98, 103; 804 NW2d 569 (2010) ("When deciding a summary disposition motion based on the open and obvious danger doctrine, 'it is important for courts . . . to focus on the objective nature of the condition of the premises at issue, not on the subjective degree of care used by the plaintiff.' "), quoting *Lugo*, 464 Mich at 523-524, and *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 475; 499 NW2d 379 (1993) ("[I]t is not relevant to the disposition of this matter whether plaintiff actually saw the [hazard]." Rather, the question is whether "the nature of the [hazard was] discoverable upon casual inspection.").

position would have foreseen the danger, not whether the particular plaintiff knew or should have known that the condition was hazardous," *Slaughter*, 281 Mich App at 479.

The majority also gives little credence to caselaw supporting the principle that a patch of ice is open and obvious to a reasonable user of the premises when, as in this case, there are sufficient indicia of wintry conditions that would alert a reasonable user to the existence of ice. The only decision given any recognition by the majority is *Janson*, but there are many more, and each supports the trial court's decision. See *Kenny v Kaatz Funeral Home, Inc.*, 264 Mich App 99, 114; 689 NW2d 737 (2004) (*Kenny I*), rev'd 472 Mich. 929 (2005) (adopting Judge Griffin's dissent); *Royce v Chatwell Club Apartments*, 276 Mich App 389, 392-393; 740 NW2d 547 (2007) ("Generally, the hazard presented by snow and ice is open and obvious, and the landowner has no duty to warn of or remove the hazard."); *Ververis v Hartfield Lanes (On Remand)*, 271 Mich App 61, 65-66; 718 NW2d 382 (2006). Just over a year ago, in *Lymon v Freedland*, 314 Mich App 746, 758; 887 NW2d 456 (2016), This Court recognized the following:

> In this case, plaintiff slipped on a steep, ice-covered driveway. Although ice is transparent and difficult to observe in many circumstances, our Supreme Court has explained that "wintry conditions, like any other condition on the premises, may be deemed open and obvious." *Id.* at 464; see also *id.* at 473 (holding that an ice-covered entryway to a fitness center was an avoidable open-and-obvious hazard); *Perkoviq v Delcor Homes–Lake Shore Pointe, Ltd.*, 466 Mich 11, 16; 643 NW2d 212 (2002) (holding that frost and ice on a roof was an open-and-obvious hazard); *Cole v Henry Ford Health Sys*, 497 Mich 881 (2014) (noting in an order that "so-called 'black ice' " in a parking lot posed an open-and-obvious hazard). Indeed, this Court has held that "as a matter of law . . . , by its very nature, a snow-covered surface presents an open and obvious danger because of the high probability that it may be slippery." *Ververis v Hartfield Lanes (On Remand)*, 271 Mich App 61, 67; 718 NW2d 382 (2006).

More could be cited in this regard, but the point, I hope, has been made. The law is not that every patch of ice or snow is open and obvious as a matter of law, but nor is it, as the majority seems to conclude, always a question of fact when wintry conditions abound, but the ice was not visible to some of those present. Indeed it could not be, for the court is required to objectively apply the recognized factors to determine whether a reasonable person would have seen the condition on casual inspection. Although our Court's decisions have been somewhat inconsistent in this area of the law,[4] I believe that the evidence submitted required the trial court to grant defendant's motion for summary disposition.

Finally, neither this opinion, nor any of the many decisions cited above, seek (implicitly or otherwise) to reignite the natural accumulation doctrine as discussed in *Quinlivan v Great*

---

[4] *Dotson v Garfield Court Assoc, LLC*, 498 Mich 861 (2016) (MARKMAN, J., dissenting, and recognizing the continued inconsistencies in decisions from this Court in this area of law).

*Atlantic & Pacific Tea Co, Inc*, 395 Mich 244; 235 NW2d 732 (1975). But *Quinlivan* is not irrelevant either, for as the *Hoffner* Court recognized, "*Quinlivan* must be understood in light of this Court's subsequent decisions in *Bertrand* and *Lugo*. See, e.g., *Mann*, 470 Mich at 333 n 13; *Corey*, 251 Mich App at 8-9." *Hoffner*, 492 Mich at 464 n 24. In that regard, all of these courts recognized that the "wintry conditions" found surrounding the premises *are* a relevant consideration in applying the objective test required by *Lugo*, *Riddle*, *Hofner* and others. See *Hoffner*, 492 Mich at 464 ("Michigan courts thus ask whether the individual circumstances, *including the surrounding conditions,* render a snow or ice condition open and obvious such that a reasonably prudent person would foresee the danger."). (Emphasis added.) To the extent the concurrence states that weather conditions are not relevant to this inquiry, it is mistaken, as it cannot be squared with *Hoffner* and other similar decisions.

The concurring opinion also incorrectly states that the wintry conditions surrounding the premises are relevant only to comparative negligence issues, and not to a premises owner's duty. Our Supreme Court has clearly stated that underlying the premises liability law "is the requirement that both the possessors of land *and those who come onto it* exercise common sense and prudent judgment when confronting hazards on the land." *Hoffner*, 492 Mich at 459 (emphasis added). The premises "rules [therefore] balance a possessor's ability to exercise control over the premises *with the invitees' obligation to assume personal responsibility to protect themselves from apparent dangers*." *Id*. at 459-460. Accordingly, "the overriding public policy of encouraging people to take reasonable care for their own safety precludes imposing a duty on the possessor of land to make ordinary [conditions] 'foolproof.' " *Id*. at 460, quoting *Bertrand*, 449 Mich at 616-617 (alteration in original). Thus, whether the wintry conditions on and surrounding the premises would have placed a person of ordinary intelligence on notice of the condition such that the condition was open and obvious is directly related to the duty a premises owner owes to the invitee, not to a comparative negligence analysis.

/s/ Christopher M. Murray