*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DONNA LIVINGS,

        Plaintiff-Appellee,

v

SAGE'S INVESTMENT GROUP, LLC,

        Defendant-Appellant,

and

T & J LANDSCAPING & SNOW REMOVAL,
INC., and GRAND DIMITRE'S OF
EASTPOINTE FAMILY DINING,

        Defendants.

UNPUBLISHED
February 26, 2019

No. 339152
Macomb Circuit Court
LC No. 2016-001819-NI

Before: TUKEL, P.J., and BECKERING and SHAPIRO, JJ.

SHAPIRO, J. (*concurring*).

I fully concur in Judge Beckering's well-reasoned opinion. I write separately to address the concerns raised by the dissent.

The dissent does not dispute that, when viewing the record in the light most favorable to plaintiff, the entire parking lot was covered with ice. Nevertheless, the dissent opines that walking across the ice was not "effectively unavoidable" because plaintiff could have skipped work and suffered the consequences to her employment. This result cannot be harmonized with substantive justice. The dissent does not tell us why the need to protect landowners from the "burden" of salting an icy parking lot is so great that it outweighs the dangers faced by an

employee who chooses to walk from her car to the entrance of her workplace rather than risk termination of her employment.[1]

The dissent's reliance on *Bullard v Oakwood Annapolis Hosp*, 308 Mich App 403; 864 NW2d 591 (2014) is unpersuasive. In that case, the injured party, who was not employed at the subject premises, had several means to avoid the icy conditions, *id*. at 412, while in this case plaintiff was an employee and had to report to work on the morning she was injured. The dissent's reliance on *Perkoviq v Delcor Homes-Lake Shore Pointe, Ltd*, 466 Mich 11; 643 NW2d 212 (2002) is similarly misplaced. In that case, the defendant was both owner and general contractor of the development under construction and had retained a subcontractor to do the painting. *Id*. at 12. An employee of the subcontractor fell from the roof, which had frosted over. *Id*. The Supreme Court made clear that the duty to make the premises safe was owed by the subcontractor and not the defendant-owner:

> In its status as owner, defendant had no reason to foresee that the only persons who would be on the premises, various contractors and their employees, would not take appropriate precautions in dealing with the open and obvious conditions of the construction site. [*Id*. at 18.]

Here, defendant-landowner, not the restaurant's owner or his employees, was responsible for maintenance of the parking lot. Accordingly, defendant had no basis to conclude that the restaurant would take the "appropriate precautions." And no one—at least not yet—has suggested that plaintiff should have worn a jet pack or come to work hours early and salted the parking lot herself so that when she returned for her shift the dangerous conditions would have abated.

Accordingly, I agree with Judge Beckering that the trial court's ruling should be affirmed.

/s/ Douglas B. Shapiro

---

[1] This is not to say that premises owners must insure that no one falls on their property in inclement weather conditions. The duty is limited to taking "reasonable measures . . . within a reasonable time . . . ." *Hoffner v Lanctoe*, 492 Mich 450, 464; 821 NW2d 88 (2012) (quotation marks and citation omitted). If that duty is met, the premises owner bears no liability for injury. Indeed, the purpose of requiring landowners to take reasonable measures to lessen the risk of icy conditions is not to create grounds for a lawsuit. Rather it is to avoid injuries, with their resultant personal and economic costs (including the costs of litigation) that with reasonable maintenance could have been avoided.