*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CRISTAL ANDERSON,

      Plaintiff-Appellant,

v

DONALD P. MORRISSETT,

      Defendant-Appellee.

UNPUBLISHED
October 1, 2019

No. 344401
Macomb Circuit Court
LC No. 2017-000845-NO

Before: K. F. KELLY, P.J., and TUKEL and REDFORD, JJ.

TUKEL, J. (*concurring*).

I concur with the majority opinion. However, I write to further expound on the inapplicability of *Lymon v Freedland*, 314 Mich App 746; 887 NW2d 456 (2016).

It is noteworthy that "[t]he 'special aspects' exception to the open and obvious doctrine for hazards that are effectively unavoidable is a *limited* exception." *Hoffner v Lanctoe*, 492 Mich 450, 468; 821 NW2d 88 (2012) (emphasis added). Further, "[u]navoidabilty is characterized by an *inability to be avoided*, an *inescapable* result, or the *inevitability* of a given outcome." *Id*. Thus, "the standard for 'effective unavoidability' is that a person, for all practical purposes, must be *required* or *compelled* to confront a dangerous hazard." *Id*. at 469.

Indeed, consistent with these principles, the general rule has been that the necessity of encountering an open and obvious hazard due to employment does not create a special aspect under premises liability law. See *id*. at 471-472; *Perkoviq v Delcor Homes-Lake Shore Pointe Ltd*, 466 Mich 11; 643 NW2d 212 (2002); *Bullard v Oakwood Annapolis Hosp*, 308 Mich App 403; 864 NW2d 591 (2014). But *Lymon* created an exception to this rule.

In *Lymon*, the plaintiff was a healthcare aide who provided in-home care for individuals. The plaintiff's employer had an elderly client who suffered from dementia and Parkinson's disease, required constant care, and could not be left alone. *Lymon*, 314 Mich App at 749-750. While attempting to walk up the driveway to the client's home, the plaintiff slipped and fell as a result of severe snowy and icy conditions, injuring herself. This Court held that the conditions were open and obvious, *id*. at 758, but also held that there was a question of fact whether special

-1-

aspects existed which would obviate the general open and obvious rule, *id*. at 763. Specifically, the Court stated,

> [T]here was a question of fact as to whether [the] plaintiff was compelled to confront the hazardous risk posed by the snowy and icy conditions at the Freeland home. A reasonable juror could conclude that, unlike the plaintiff in *Hoffner*, [the] plaintiff in this case did not have a choice about whether to confront the icy conditions. *As a home healthcare aide, [the] plaintiff did not have the option of abandoning her patient, an elderly woman who suffered from dementia and Parkinson's disease.* [*Id*. at 763-764 (emphasis added).]

Given the Supreme Court precedent, it is questionable that *Lymon* was correctly decided. See, e.g., *Hoffner*, 462 Mich at 471-472 ("[I]t cannot be said that compulsion to confront a hazard by *the requirement of employment* is any less 'avoidable' than the need to confront a hazard in order to enjoy the privileges provided by a contractual relationship . . . ."), citing *Perkoviq*, 466 Mich 11. Regardless, applying *Lymon* to the instant case does not allow plaintiff to defeat defendant's motion for summary disposition.

As the majority opinion correctly highlights, *Lymon* is distinguishable because the hazard in this case was avoidable. Plaintiff could have taken any number of paths around the puddle, but she chose not to.

The majority opinion, however, fails to address the other differentiating fact from *Lymon*—plaintiff here had the option to not deliver the mail to the house. Implicit in the holding of *Lymon* is that employees generally have the ability and judgment to decline to perform a work-related function when the circumstances are too hazardous. Assuming it was correctly decided, the rationale of *Lymon* is that for public policy reasons, some jobs, due to their importance to the safety and well-being of others, will effectively remove from the employee the discretion of not performing a work-related function, despite the attendant compulsion of confronting hazardous risks, such as when to do so would "abandon" a completely dependent person whose health and welfare the plaintiff had undertaken to safeguard. See *Lymon*, 314 Mich App at 763-764 (stating that under the circumstances, "*plaintiff did not have the option of abandoning her patient*").[1]

Here, by contrast, plaintiff's job was to deliver the mail. While this constitutes an important service to the people, the employment at issue here does not satisfy the *Lymon* test on its own terms—it does not present the same issue of urgency or necessity as the healthcare service presented in *Lymon*.

---

[1] This is not to say that an employee necessarily can make this decision free from any consequences from his or her employer. For instance, if an employee is paid to perform an expected task, the employer might choose to not pay the employee if the employee ended up not performing that task.

Arguably, for public policy reasons, as *Lymon* held, "effective unavoidability" arises by virtue of the obligation to care for a dependent patient. But if *Lymon* is correct in that respect, that would be the full scope of its exception to the general rule; anything more would transform the limited nature of the rule from an objective public-policy driven exception involving health and safety to a subjective exception based on whether the particular plaintiff had what he or she thought to be a strong reason for risking the hazard. As our Supreme Court has instructed, this type of subjective test is not permissible. See *Hoffner*, 492 Mich at 470-471 (stating that "an invitee's subjective need or desire" to enter a premises does not "affect[] an invitee's choice whether to confront an obvious hazard. To conclude otherwise would impermissibly shift the focus from an objective examination of the *premises* to an examination of the subjective beliefs of the *invitee*."). Consequently, *Lymon* is inapplicable in this case for two reasons: plaintiff could have delivered the mail while avoiding the hazard; and plaintiff's employment obligations were not of an urgent or necessary character involving health and safety. Rather, given that plaintiff's employment did not involve public health or safety, there can be no serious argument that her obligations did not permit her to refuse to perform her employment obligations by declining to deliver plaintiff's mail.

/s/ Jonathan Tukel