*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THOMAS CIESLIGA,

Plaintiff-Appellant,

v

KIWI HOSPITALITY DETROIT, LLC,

Defendant-Appellee.

UNPUBLISHED
May 28, 2020

No. 345755
Oakland Circuit Court
LC No. 2017-161686-NO

Before: RIORDAN, P.J., and JANSEN and STEPHENS, JJ.

PER CURIAM.

Plaintiff, Thomas Ciesliga, appeals as of right the trial court's order granting defendant's Kiwi Hospitality Detroit, LLC., motion for summary disposition pursuant to MCR 2.116(C)(8) (failure to state a claim on which relief can be granted) and MCR 2.116(C)(10) (no genuine issue of material fact). We affirm.

## I. BACKGROUND

This case arises out of a trip and fall that occurred in a hallway at the Best Western Hotel (the hotel) in Southfield, Michigan. At the time of the incident, plaintiff and his son, Mark Ciesliga ("Mark"), had been employed by defendant as independent contractors for the renovation of the hotel for about three to four months. That morning, plaintiff and Mark passed several times through the hallway where the incident occurred as they traversed between their work area and an area of the hotel where they stored their tools. During one trip down the hallway, plaintiff caught his foot on a section of the carpet. He tripped, fell onto a concrete section of the floor, and broke his leg.

Plaintiff filed a complaint, alleging that he was a business invitee and that defendant had allowed a defective condition to exist on the property and failed to warn plaintiff of the condition. Plaintiff also alleged defendant was liable for its failure to provide a safe work environment under the common work area doctrine. Defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(8) and MCR 2.116(C)(10). Defendant denied that it had any duty to the plaintiff under a common work area claim of negligence, and denied that it breached any duty it might have to plaintiff on a premises liability claim, and asserted several affirmative defenses. Defendant

contended that plaintiff's claims failed because it had taken all reasonable steps to prevent plaintiff's injury and that the condition that occasioned the plaintiff's fall was open and obvious. The court granted summary disposition on both theories of liability. This appeal followed.

## II. STANDARD OF REVIEW

Defendant moved for summary disposition under MCR 2.116(C)(8) and (10). Although trial court did not specify under which subsection of MCR 2.116 it granted summary disposition, its reasoning relied on affidavits supplied by defendant and a photograph of the area where the incident occurred. "[B]ecause the resolution of the motion required consideration of evidence outside the pleadings, we will treat the motion as having been decided under MCR 2.116(C)(10)." *Candler v Farm Bureau Mut Ins Co of Mich*, 321 Mich App 772, 776; 910 NW2d 666 (2017).

This Court reviews "the trial court's denial of defendant's motion for summary disposition de novo." *Bellinger v Kram*, 319 Mich App 653, 658-659; 904 NW2d 870 (2017). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 205-206; 815 NW2d 412 (2012). This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). Summary disposition under this standard is appropriate "if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id.* "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgmt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). Additionally, "whether a duty exists is a question of law for the court and subject to de novo review." *Finazzo v Fire Equip Co*, 323 Mich App 620, 625; 918 NW2d 200 (2018).

## III. COMMON WORK AREA DOCTRINE

Plaintiff first argues that the trial court erred in concluding that plaintiff had failed to present evidence on the elements necessary to claim negligence under the common work area doctrine. We disagree.

At common law, "property owners and general contractors generally could not be held liable for the negligence of independent subcontractors and their employees." *Ormsby v Capital Welding, Inc*, 471 Mich 45, 48; 684 NW2d 320 (2004). However, the "common work area" doctrine is an exception to this general rule of nonliability. *Id.* at 48-49. In order to hold a general contractor liable under this doctrine, a plaintiff must show all of the following:

> (1) the defendant contractor[1] failed to take reasonable steps within its supervisory and coordinating authority (2) to guard against readily observable and avoidable dangers (3) that created a high degree of risk to a significant number of workers (4) in a common work area. [*Latham v Barton Malow Co*, 480 Mich 105, 109; 746 NW2d 868 (2008).]

---

[1] Defendant concedes that it is a general contractor with supervising authority over the hotel.

The threshold question in examining the third element is "[w]hat was the danger creating a high degree of risk that is the focus of the general contractor's responsibility?" *Id.* at 113. This "high degree of risk to a significant number of workers must exist when the plaintiff is injured; not after construction is completed." *Ormsby*, 47 Mich at 60 n 12. When determining whether a significant number of workers were placed at risk, courts must "distinguish between a situation where employees of a subcontractor were working on a unique project in isolation from other workers and a situation where employees of a number of subcontractors were all subject to the same risk or hazard." *Hughes v PMG Bldg, Inc*, 227 Mich App 1, 8; 574 NW2d 691 (1997).

Plaintiff testified that the hallway where he fell was connected to an area of the hotel that multiple contractors were using as a storage area. However, plaintiff provided no evidence concerning the number of contractors that the carpet's poor condition placed at risk. See, *Hughes* 227 Mich App at 7-8 (holding that because only four men worked on an overhang, it did not pose a risk to a significant number of workers); *Alderman v JV Dev Communities, LLC*, 486 Mich 906 (2010) (holding the common work area doctrine did not apply when only two to six employees of a single contractor were at risk of electrocution). This amounts to the "mere conjecture or speculation" which is insufficient to establish a genuine issue of material fact. *McNeill-Marks*, 316 Mich App at 16. Because plaintiff has not sufficiently rebutted defendant's assertion that a significant number of workers were not placed at risk, the trial court's grant of summary disposition to defendant was proper. Similarly, because the failure to prove any element is fatal to a common work area claim, we affirm the trial court's grant of summary disposition to defendant on this claim.

## IV. PREMISES LIABILITY

Plaintiff next argues that the trial court erred in concluding that defendant did not owe a duty to plaintiff because the danger posed by the carpet was open and obvious. We disagree.

In addition to any further duties defendant has as a general contractor, these duties do not alter or excuse its obligations as owner and operator of the hotel under a premises liability theory. *Perkoviq v Delcor Home-Lake Shore Pointe, Ltd*, 466 Mich 11, 19; 643 NW2d 212 (2002). To prevail in a premises liability action, "a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Mouzon v Achieveable Visions*, 308 Mich App 415, 418; 864 NW2d 606 (2014) (quotation marks and citation omitted). The duty owed by a landowner depends on the visitor's status at the time of the injury. *Sanders v Perfecting Church*, 303 Mich App 1, 4; 840 NW2d 401 (2013).

Defendant concedes that plaintiff was a business invitee. "In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). The scope of this duty, however, is not absolute. A premises possessor does not owe a duty to an invitee if the alleged danger on the property is " 'known to the invitee or [is] so obvious that the invitee might reasonably be expected to discover [it.]' " *Id.*, quoting *Riddle v McLouth Steel Products Corp*, 440 Mich 85, 96; 485 NW2d 676 (1992). The test for whether a condition is open and obvious is an objective one which asks whether the danger was observable to the average, casual observer. *Price v Kroger Co of Mich*, 284 Mich App 496,

501; 773 NW2d 739 (2009).

Plaintiff testified that he had traversed the hallway where the incident occurred four times within the 60 minutes preceding the fall, and that he had observed that the carpet had "ridges" and at several places throughout the hotel the carpet was "rolled up a little bit upward" and was "ripped up." But, he testified, at the time of the accident, he did not look down at the floor where he was walking until he felt his foot catch on the carpet. When he looked down at his foot, he saw "kind of a cutline in the carpet" that he had not noticed before. Thus, the hazard was open and there to be observed by an average, casual observer who traversed the area. Under these circumstances, we agree with the trial court's finding that an average user with ordinary intelligence would have been able to discover the danger of an uneven or torn carpet and the risk presented upon casual inspection. As Mark succinctly testified in his deposition, the area "was under construction, so you got to basically watch your step." Unfortunately, plaintiff failed to do so. It is of no consequence that he did not first observe the hazard before he tripped over it, because the test is an objective one. *Id.*

Thus, there is no genuine issue of material fact regarding the open and obvious nature of the carpet. Nor does this case present any special aspects which would make the carpet unreasonably dangerous and render it an exception to the open and obvious doctrine. *Lugo*, 464 Mich at 517 (special aspects are unusual in "character, location, or surrounding circumstances" such as an unguarded 30-foot deep pit in a parking lot).

## V. CONCLUSION

We affirm.

/s/ Michael J. Riordan
/s/ Kathleen Jansen